# Higman *v.* Humes *et al.*

*Bill in Equity by Junior Mortgagee to redeem.*

1. *Bill by junior mortgagee to redeem; should offer to do equity.* Where a bill is filed by a junior mortgagee against the holder of a senior mortgage and seeks an accounting from him and the foreclosure of the mortgage held by the complainant, and that the complainant be allowed to redeem, it is necessary that such bill should offer to pay such sum as may be ascertained to be due upon the first mortgage; and in the absence of such offer the bill is subject to demurrer.

2. *Same; necessary that second mortgage should be due and payable.*—One of the essential requisites of maintaining such a

bill is that the mortgage debt of the complainant should be due and payable; and if the bill filed for sucn purpose does not aver that the complainant's mortgage is due and payable at the time of the filing thereof, it is subject to demurrer.

APPEAL from the Chancery Court of Morgan.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellant John Higman, against the appellees, Milton Humes, John H. Sheffey and Harry C. Higman. The bill averred that the defendant, Milton Humes, held a mortgage upon property owned by Harry C. Higman; that this mortgage was executed on January 14, 1888; that said mortgage contained a power of sale which had never been executed "nor has there ever been any forclosure of said mortgage to which this complainant was a party." It was then averred that on October 27, 1889, the said Harry C. Higman executed a mortgage to the complainant in which he conveyed the same property included in the mortgage held by Humes; that said mortgage to the complainant had never been paid and that in 1897, the defendant Humes took possession of the premises included in said mortgage, received the rents amounting to a large sum and has torn down and destroyed many of the valuable improvements upon said property. It was also averred that John H. Sheffey claimed some interest in said premises which had been acquired since the execution of the mortgage to complainant.

The prayer of the bill was that Humes be required to account for the waste committed by him, that he be charged with the cost of the damage done and rents collectible; "and that this complainant be allowed to redeem said premises from under the mortgage to Humes," and that an accounting be taken as to the amount received by said Humes on said mortgage and that the mortgage to the complainant be foreclosed. ·

The defendants, Milton Humes and John H. Sheffey, demurred to the bill, among others, upon the following grounds: 1. Said bill fails to allege whether said mortgage alleged to have been executed to the complainant is due, and fails to allege when it was due. 2. Said bill fails to tender the amount due on said mortgage

to said Humes and others, and does not offer to pay such sum as may be ascertained to be due thereon.

On the submission of the cause on the demurrer, the chancellor rendered a decree sustaining the grounds of demurrer as above set out, and overrled the other grounds. From the decree sustaining these grounds of demurrer the complainant appeals, and assigns the rendition thereof as error.

E. W. GODBEY, for appellant, cited *Hartford Ins. Co. v. Kirkpatrick*, 111 Ala. 456; *Springfield Ins. Co. v. Hull*, 25 L. R. A. 37.

HUMES, SHEFFEY & SPEAKE, *contra*.

TYSON, J.—The bill in this cause is filed by a junior mortgagee against the holder of a senior mortgage and seeks an accounting from him, and the foreclosure of the mortgage held by the complainant. It is so clearly a bill for redemption that it is unnecessary to discuss its nature and character. There is no offer contained in it to pay such sum as may be ascertained to be due upon the first mortgage. "A suit to redeem is a suit in equity and is subject to the rule that he who seeks equity must do equity."—2 Jones on Mortgages (5th ed.), § 1070 and note 11. The essential requisites of maintaining this suit are, that the mortgage debt should be due and payable, that the complainant should offer to pay the same when ascertained and fixed by the decree. Indeed without such an offer the bill is wanting in equity.—*Fouche v. Swain*, 80 Ala. 151; *Smith v. Comer*, 65 Ala. 371; 3 Pom. Eq., § 1219 and note 2; 2 Jones on Mortgages, § 1095; 17 Ency. Pl. & Pr., p. 965. If complainant "is unable to foreclose his mortgage, for the reason that it is not due or for other cause, then he cannot redeem a prior mortgage against the consent of the holder of it; for in such case he cannot bring the mortgagor before the court for the purpose of completing his remedy by foreclosure and he cannot compel the mortgagee to assign to him."—2 Jones on Mortgages, § 1102. The bill under consideration was clearly subject to the grounds of demurrer which the chancellor sustained.

Affirmed.