# Weeks v. Bynum, et al.

*Bill to Enjoin Building of New Courthouse.*

(Decided Jan. 14, 1909.  48 South. 489.)

1. *Counties; County Boards; Powers.*—The court of county commissioners has exclusive power, under sections 131, 133, Code 1907, in the matter of determining the necessity for a new courthouse, and its decision that the courthouse is unsafe and to erect a new building cannot be controlled by the courts, in the absence of fraud or unfair dealing.

2. *Injunction; Dissolution.*—Although the bill shows cause for injunctive relief, if the sworn answer denies all the averments thereof upon which any right to relief could be predicated, the temporary injunction issued is properly dissolved.

APPEAL from Lamar Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by C. M. Weeks against B. C. Bynum and others. From a decree dissolving a temporary injunction, complainant appeals. Affirmed.

BANKHEAD & BANKHEAD, for appellant. The act of the Commissioner's Court when infected with fraud, corruption or unfair dealing, are subject to the control

of the court.—*Matkin v. Marengo County*, 137 Ala. 155; This is not a question between complaint and respondent solely; but it is one that involves the political rights of a majority of the qualified electors of Lamar county, and should be so dealt with here.

J. C. MILNER, WALTER NESMITH, and S. D. & J. B. WEAKLEY, for appellee. Public buildings of the county are within the control of the County Commissioners, so long as that tribunal proceeds according to law.—Sections 131, 133 and 3313, Code 1907.—*Fitts v. Hulett*, 143 Ala. 374. Where a court of County Commissioners acts within the limits of its authority, and in good faith in letting a contract for improvement of county property, their action cannot be assailed.—*Ahlrichs v. Hayes*, 115 Ala. 249; *Talley v. Ct. County Comm.*, 39 South. 167. The injunction was properly dissolved on the coming in of the answer, denying the allegation of the bill.—*L. & N. R. R. Co. v. Bessemer*, 108 Ala. 239; *M. L. & W. P. Co. v. Citizens L. & P. Co.*, 142 Ala. 463.

DENSON, J.—This bill is presented by C. M. Weeks, a taxpayer and resident citizen of Lamar county, against B. C. Bynum, doing business under the name of Bynum Construction Company, and the members of the court of county commissioners of said county, individually and in their official capacity. The purpose of the bill is to enjoin the respondents from taking down the courthouse of that county, and from the erection of a new one in the town of Vernon. The bill was presented to the judge of the law and equity court of Walker county, who granted a temporary injunction. The respondents answered under oath, and upon filing their answers moved to dissolve the injunction for want of equity in the bill and upon the denials contained in their answers. This motion was heard by Chancellor Simpson, in vacation, on

the 22d day of July, 1908, and a decree dissolving the injunction was enrolled July 27, 1908. From that decree this appeal is taken.

By statute county buildings are to be erected and kept in order and repair at the expense of the county, under the direction and control of the court of county commissioners, and that court is authorized to make all necessary contracts for that purpose.—Code 1907, § 131. Section 133 of the Code makes it the duty of the court of county commissioners to erect courthouses and other county buildings. This court is committed to the doctrine that in all cases, in the discharge of these statutory duties, the court of county commissioners exercises a discretion which cannot be controlled by any judicial tribunal, in the absence of fraud, corruption, or unfair dealing.—7 Am. & Eng. Ency. Law, 996; *Hays v. Ahlrichs,* 115 Ala. 239, 22 South. 15; *White v. Hewlett,* 143 Ala. 374, 42 South. 78; *Matkin v. Marengo Co.,* 137 Ala. 155, 34 South. 171. In the case last cited the court uses this language: "Under our statutes there can be no doubt of the proposition that the court of county commissioners has sole and exclusive power and authority in the matter of determining the necessity for a new court house for the county and having the same erected, and in these matters they act, at least, in a quasi legislative capacity, and that their acts, when free from fraud, corruption, and unfair dealing, cannot be controlled by any other court." In the case at bar it appears that the court of county commissioners determined that the courthouse was unsafe and insufficient as a public building, and in the exercise of their authority in the premises entered into a contract with the Bynum Construction Company for the removal of the old, and the erection of a new, courthouse in Vernon. We concur in the opinion of the chancellor that in the bill there are

no sufficient averments of fraud, corruption, or unfair dealing on the part of the commissiners. But even if the bill did show a case for injunctive relief, yet we further concur with the chancellor that, upon a careful reading of the sworn answers of the respondents, "it appears that they fully deny all the averments of the bill, upon which any right to the relief sought could be predicated," and hold that, for this reason, the injunction was properly dissolved.

Without prolonging the discussion, the court concludes that the decree dissolving the injunction must be affirmed.

Affirmed.

HARALSON, DOWDELL, and SIMPSON, JJ., concur.