# Parrish, *et al. v.* Reese, *et al.*

*Petition for Injunction and Appoinmtent of Receiver.*

(Decided Jan. 18, 1910.   51 South. 824.)

1. *Appeal and Error; Decisions Reviewable; Collateral Proceeding.*—Where the appeal is from an order granting an injunction re-straining a corporation from merging with another pending litigation for its dissolution, the appellate court cannot enter upon the discussion of the facts of the cause out of which the right to the injunction pendente lite arises, where the main cause is still pending in the trial court.

2. *Corporations; Dissolution; Appointment of Receiver; Necessity.*—Where jurisdiction of a corporation and of its stockholders and directors was taken and still existed so that a decree in the dissolution suit could be as effectually enforced as if the property was in custodia legis, it was not necessary to appoint a receiver to hold the entire properties of the corporation in custodia legis, since courts of equity can maintain property rights in issue in statu quo pending a hearing on the merits.

3. *Injunction; Temporary; Denial; Grounds.*—Where an action was brought by stockholders for the dissolution of a corporation and the distribution of its assets, and the cancellation of its common stock which was alleged to have been fraudulently issued, and pending the suit, it was proposed to merge the corporation with another corporation on a plan which involves the issue of stock of the latter company in the place of the alleged fraudulent stock, the fact that a temporary injunction against the merger would work a hardship on those opposed to the dissolution was not conclusive against the propriety of issuing the injunction, especially where it appeared that the merger would be effected unless enjoined, and that its result would be to render vain any decree for cancellation of the alleged fraudulent stock.

Appeal from Selma City Court.

Heard before Hon. J. W. Mabry.

J. E. Reese and others filed a bill for dissolution and distribution of the Minona Portland Cement Company, and pending suit, filed a petition for a temporary injunction pendente lite to preserve the status of the assets to abide the final decree.   From an order granting the injunction respondent appeals.   Affirmed.

[Parrish, et al. v. Reese, et al.]

A. L. McLEOD, W. M. VAUGHAN, and E. C. JONES, for appellant. The sworn answer denied all the allegations upon which the right to injunction rests, and the court should have denied the same.—*M. & O. R. R. Co. v. Fowl R. L. Co.*, 152 Ala. 326; *Simonson v. Kane*, 138 Ala. 221; *M. & M. R. R. Co. v. Ala. Mid. R. R. Co.*, 116 Ala. 52; *Turner v. Stevens*, 106 Ala. 546. The importance of the consolidation to all the stockholders and the consequent damage by reason of the injunction warranted the making of the dissolution conditioned.— *M. & O. R. R. Co. v. Fowl R. L. Co.*, supra; *C. & W. R. R. Co. v. Witherow*, 82 Ala. 190.

W. F. HOGUE, and W. T. HARRIS, for appellee. The court did not err in granting the injunction.—*Coxe v. Huntsville G. L. Co.*, 129 Ala. 496; 22 Cyc. 938-41; Section 3505, Code 1907.

McCLELLAN, J.—By original bill, exhibited by Reese and others, as stockholders in the Minona Portland Cement Company, against that incorporation, Parish, Armstrong, Kenan, and others, the dissolution of the incorporation was sought, and in connection with its dissolution and the disposition of its assets among those entitled thereto it was further sought that the "common stock," as distinguished from the "preferred stock," issued by the corporation, be canceled, on the averred ground that its issue was fraudulent, in consequence of a ficticious and excessive valuation of lands conveyed to the company. The court, after amendment to the bill, sustained it, both against the objection of want of equity and against numerously grounded demurrer. From this decree an appeal was taken, in April, 1909, to this court, where that cause now pends.

On June 29, 1909, the board of directors of the Minona Portland Cement Company recommended to the stockholders thereof a proposition for the merger of the Minona Portland Cement Company with the Alabama Portland Cement Company; the details of the merger including the taking over by the latter company of all of the real properties of the former company, the increase of the capital stock of the Alabama Portland Cement Company, the delivery of first mortgage bonds to holders of "preferred stock" in the Minona Company, and the recognition of, and issuance of stock to, the holders of "common stock" in the Minona Company. Much of the proposal is, of course, unnecessary to be now stated. A meeting of the stockholders of the Minona Company was, after notice, held on August 4, 1909; but, because the requisite proportion of the stock in the company was not voted in favor of the merger, that meeting was treated as vain. Another meeting of the stockholders was called for September 15, 1909. On the day previous to the meeting, in response to a petition of Reese and others, the city court issued an order restraining, pending hearing on the petition, further action on the part of the Minona Company, or its stockholders looking to the effectuation of the merger proposed, and upon the hearing the city court granted the prayer of the petition and enjoined such action pendente lite. Summarily stated, the petition's basis is that the status quo should be maintained until adjudication of the matters averred in the original bill was finally had, and so, with the view to prevent embarrassment and hindrance in the orderly enforcement in that cause of the rights, if found to exist, asserted in the original bill, an embarrassment or hindrance necessarily resulting if the merger, and its consequences, of the

[Parrish, et al. v. Reese, et al.]

Minona Company into the Alabama Company, a company not a party to the cause, was effected.

The court below, in dealing with this petition, accepted *Coxe v. Huntsville Gaslight Co.,* 129 Ala. 496, 29 South. 867, as authority for the conclusion reached and action taken. In so doing no error was committed. It is not necessary to rehearse the ruling in *Coxe v. Huntsville Gaslight Co.,* nor will it be proper, in this collateral proceeding, and with the main cause pending here, to enter upon a discussion of the facts of the original cause out of which the right of the injunction pendente lite arises. After full consideration of the averments of the pleadings in the original cause, and, with them, the matters set forth in the petition in this proceeding, it will suffice to now announce that the status shown clearly justified the action taken below.

It is urged for appellants that the city court has not yet assumed jurisdiction of the assets and properties of the Minona Company. If by this insistence it is meant that the city court has not placed the assets and properties of that company in custodia legis, it must be conceded. No receivership has been constituted. But, so conceding, it cannot follow that jurisdiction, for the purposes of the present bill, assumed by the city court, was or is so inconsequential as to avoid the conclusion that, if the proposed merger was effected pendente lite, no embarrassment or hindrance would attend the enforcement of a decree declaring the rights of the parties complainant as they are set forth in the original bill. Jurisdiction of the incorporation and of the stockholders and directors thereof was taken and still exists. If the cancellation of the common stock, questioned by the bill, was decreed, it is too evident for doubt that such a decree could be as effectually enforced as it could have been if the entire properties of the incorporation

41—165

were in custodia legis. It cannot be conceded that a receivership, duly constituted, would have added anything to the power of the court to enforce a decree of the character and effect to which the averments and prayer of the bill lead. We cannot follow the solicitors for appellants to a distinction between the jurisdiction assumed by the city court in this proceeding, and that that would have been assumed had a receivership been constituted. To do so would ignore a proper influence to the principles expressed in *Coxe v. Huntsville Gaslight Co.,* especially in the particular that it is competent for courts of equity to maintain "property rights in issue in statu quo until a hearing on the merits" can be had, and so without determining the issues between the parties.

It is further urged that interim interference is, in this instance, not expedient, and that the result of the restraint imposed is to seriously, if not irreparably inconvenience those in interest adverse to complainants. A like insistence is, in effect, expressed by the complainants in their petition. The choice between the two factions or interests is, therefore, hard in asserted effect. However, the fact—and that is apparent—that, if unrestrained, such action, affecting the merger, will in all probability be taken so as to practically render vain any decree that may be entered in accordance with the cancellation phase of the bill, to say nothing of the transfer of the Minona Company's properties to a company not a party to the cause; and this, pending the determination of a "fair question" by a court that has assumed jurisdiction, at least at present, adequate to afford the relief sought, if finally found to be so entitled, must cast the conclusion in favor of the action taken below. When properly invoked, the dignity of the courts of equity demands that jurisdiction assumed shall be pro-

tected from nullification of effect by the act of those who may be affected by decrees that may reasonably be expected to flow from an exercise of that jurisdiction.

For like reason we do not think a modification, as urged, of the order here appealed from, should be made. If the injunction pendente lite was properly issued, it should be given recourse and effect. To modify it would be equivalent, in this case, to pronounce against its propriety of issue. If the "common stock," assailed as invalid, is so finally found, it may be that the bona fide stockholders will decide against the present proposal to merge the corporations. Who are rightfully entitled to express a choice on the proposed merger will, obviously, affect the decision in the premises. The Minona Company is, and, it seems, has been all the time, entirely inactive for the purposes of its creation. Want of requisite capital appears to have convinced all parties that it cannot, alone, succeed.

Neither the case of *Mobile & Western Railway v. Fowl River Lumber Co.*, 152 Ala. 320, 44 South. 471, nor previous decisions therein cited, can be accorded influence here, as inducing a modification of the injunction pendente lite. The facts appearing in them, and those herein presented, together with the consequences of embarrassment and hindrance to the court that would attend the effectuation of merger pendente lite, readily distinguish those cases from that at bar. Interim interference finds no obstacle in the solvency vel non of those determined to effect the merger, or of the company which, it is intended, shall swallow up the Minona Company. Damages, in this instance, could not atone for an ousted or avoided jurisdiction; nor could even a certainty of recompense in recovery of damages, or equivalent recourse, if the rights asserted in the original bill come to be finally bound and enforced, qualify

the power of the city court to preserve intact the sub-
ject-matter of the controversy of which it has assumed
jurisdiction.

An affirmance is entered.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ.,
concur.