# Francis *v.* Gilreath C. & I. Co.

*Bill to Enjoin Sale of Stock and to Enforce Set-Off.*

(Decided December 21, 1912.   60 South. 919.)

1. *Injunction; Temporary; Dissolution.*—Where the answer does not clearly deny the facts on which the equity of the bill rests, but instead sets up new matter the burden of proof of which is on the respondent, a temporary injunction against the respondent will not be dissolved on his motion.

2. *Same.*—A temporary injunction will not always be dissolved on the motion of the respondent, though his answer denies the equity of the bill, if the court can see good reasons on the facts disclosed why the injunction should be retained.

[Francis v. Gilreath C. & I. Co.]

3. *Same.*—The allegations of the bill considered and held to show that complainant was entitled to equitable relief and a temporary injunction will not be dissolved on motion of the respondent on an answer denying only a part of the facts on which the equity of the bill rests.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Bill by the Gilreath Coal & Iron Company against W. J. Francis as trustee to enjoin the sale of collaterals, for an accounting and other relief. From a decree overruling the motion to dissolve the temporary injunction respondent appeals. Affirmed.

VASSAR L. ALLEN, for appellant. Under the facts alleged appellees were not entitled to an accounting.— *Avery v. Ware,* 58 Ala. 475; *Knotts v. Barber,* 8 Ala. 742; *Dickinson v. Lewis,* 34 Ala. 638; *Tecumseh I. Co. v. Kent,* 93 Ala. 573; *Beggs v. Edison Co.,* 96 Ala. 295; *Oden v. Lockwood,* 136 Ala. 517; *Pollak v. Claflin,* 138 Ala. 644; *Jewett v. Bowman,* 29 N. J. Eq. 174; *A. M. & M. Co. v. Winchester,* 102 Ala. 192; *McGraw v. Parker,* 115 Ala. 550. Appellees were not entitled to a discovery from appellant.—Authorities supra. The appellee did not show irreparable injury then present or threatened.—*Whaley v. Wilson,* 112 Ala. 630; *First Nat. Bank v. Tyson,* 133 Ala. 474; 2 Wood on Nuisances, section 78; 3 Pom. Eq., section 1349; *Keller v. Bullington,* 101 Ala. 279; *Bowling v. Cook,* 104 Ala. 138; *Dennis v. M. & M. R. R. Co.,* 137 Ala. 657; *Elliott v. Sibley,* 101 Ala. 344. The respondent properly put the court in possession of the real facts and did not attempt to hide behind a literal denial.—*Henry v. Watson,* 109 Ala. 337; *Mabel M. Co. v. Pierson,* 121 Ala. 571; *Witherow v. C. & W. R. R. Co.,* 82 Ala. 194; *City Council v. Parker,* 114 Ala. 127; *B. M. R. R. Co. v. Bessemer,* 98 Ala. 277.

CAMPBELL & JOHNSON, for appellee. The rule is not inflexible that a temporary injunction will be dissolved upon the denials of the answer.—*Elliott v. Sibley,* 101 Ala. 349. The motion to dissolve does not perform the office of a demurrer.—*E. & W. R. R. Co. v. E. T., V. & G. R. R. Co.,* 75 Ala. 280. The answer must deny specifically and unequivocally the facts on which the equity of the bill rests.—*C. & W. R. R. Co. v. Witherow,* 82 Ala. 190; *M. & M. R. R. Co. v. Ala. Mid. R. R. Co.,* 123 Ala. 169. On these authorities new matter set up the burden of proof of which rests on the defendant is not sufficient. Defenses in the nature of confession and avoidance will not authorize the dissolution of an injunction.—*Jackson v. Jackson,* 91 Ala. 294; *Rembert v. Brown,* 17 Ala. 627. The bill contains equity and the answer does not deny some of the facts on which the equity rests and the respondent was not entitled to the dissolution of the temporary injunction.—1 Cyc. 427; *Donovan v. Haney,* 67 Ala. 54; *Harrison v. Yerby,* 87 Ala. 184.

DE GRAFFENRIED, J.—The appeal in this case is from a decree overruling a motion to dissolve a temporary injunction. The bill is filed by the appellee, and alleges that during the year 1908 complainant purchased from appellant, W. J. Francis, as trustee, 250 shares of the capital stock of the Burnwell Coal Company for $25,000; that, at the time of said purchase said Francis was the president of said company, and that certain assets of said company (denominated "liquid" or "quick" assets) were retained by said "Francis, Trustee," out of which the debts of said Burnwell Coal Company were to be paid; that in the purchase of said stock complainant paid $10,000 in cash and gave two notes for $7,500 each, payable in 6

and 12 months, attaching stock certificates as collateral security; that one of said notes has been paid, and said Francis, as trustee, has advertised the collateral for sale, on account of failure to pay the remaining note; that said Francis, trustee, has paid off all of the debts of said Burnwell Company, and has in his hands a considerable amount of money (approximately $8,-500), the proceeds of the said assets left in his hands, and refuses to account for the same; that a discovery is necessary in order to ascertain the exact amount of funds in the hands of said Francis, trustee, as the books and papers of said company were left in his hands; that the complainant is now the owner of all of the shares of stock in said Burnwell Company; that said Burnwell Company has assigned to complainant its claim against said Francis, trustee, for the balance of proceeds of said assets in his hands; that according to the original agreement said Francis, trustee, was to account for what remained in his hands of said assets, after paying off said debts of said company; that complainant is willing and ready to pay any amount which may be found due on said note, after the same has been credited by the amount in the hands of said Francis, after payment of said debts. It is averred, on information and belief, that said Francis is insolvent, and that while the records of Jefferson county show certain property assessed to him "as trustee," which is shown to be subject to a mortgage, yet complainant does not know for whom he is trustee; that if said stock is sold it will work irreparable injury to complainant. An amendment to the bill enters more into detail as to how the entire remaining stock was acquired, through the Union Coal & Coke Company, etc., and denies that there was any agreement that Francis was to retain for himself and associates the overplus of assets in his

hands, after paying said debts. The prayers of the bill are for an injunction against the sale of said capital stock, for an accounting, and for discovery. The answer admits the receipt of the "liquid" or "quick" assets for the purpose of paying off the debts of said Burnwell Company, but claims that, according to the agreement, whatever remained of the proceeds of said assets, after the payment of said debts, was to be retained by said W. J. Francis, trustee, for the benefit of himself and associates. It states that the respondent is not able to state the exact amount received by him from said assets, as the books of the Burnwell Company were left in the hands of R. H. Nason as secretary and treasurer of said company, but admit that, after paying said debts, he has in his hands about $7,000. The answer also denies that he is insolvent, and refers to certain lands assessed to him as trustee in Jefferson county, and states that, while the same are subject to a considerable mortgage for a bonded indebtedness, yet the Union Coal & Coke Company are under obligations to relieve said lands from said mortgage.

If the answer does not clearly deny the facts, upon which the equity of the bill rests, but sets up new matter the burden of proof of which rests upon the respondent, the injunction should not be dissolved, and "an injunction will not always be dissolved, even if the answer deny the equity of the bill, if the court can see good reason in the facts disclosed why the injunction should be retained."—*Rembert & Hale, Adm'rs, v. Brown,* 17 Ala. 667, 671; *Farris & McCurdy v. Houston,* 78 Ala. 250, 254; *Jackson v. Jackson,* 91 Ala. 292, 294, 295, 10 South. 31; *Mobile & Montgomery Ry. Co. v. Alabama Mid. Ry. Co.,* 123 Ala. 146, 163, 26 South. 324; *Mabel Mining Co. v. Pearson C. & I. Co.,* 121 Ala. 567, 571, 25 South. 754.

The bill shows that the complainant is entitled to equitable relief, to have an accounting by a trustee, and to discovery, and the answer is not such as to demand a dissolution of the injunction.

The decree of the court is affirmed.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.

The foregoing opinion was prepared by Justice SIMPSON, since deceased, and, having been passed in formal consultation, it is announced as the opinion of the court.