# Lauderdale *v.* McAllister.

### *Injunction to Enjoin Diversion of Water.*

(Decided May 13, 1915.　68 South. 984.)

1. *Injunction; Affidavit; Sufficiency.*—An affidavit reciting that personally appeared the plaintiff, who is known to me, and who l eing first duly sworn deposes and says that the statements, allegations and averments contained in the above and foregoing bill are true and correct to the best of his knowledge and belief, is not sufficient to support a bill seeking a temporary injunction.

2. *Same; Amendment.*—Where the affidavit to support a bill for temporary injunction is irregular merely, the injunction should not be dissolved or discharged without an opportunity given to amend the affidavit.

[Lauderdale v. McAllister.]

3. *Same; Pleading.*—Although a bill may show cause for injunctive relief to restrain the diversion of water, yet if a sworn answer thereto denies all the averments upon which any right to relief can be predicated the temporary injunction issued thereon may be properly dissolved.

4. *Same; Dissolution; Discretion.*—A temporary injunction need not be dissolved even upon the sworn denials of the answer if its dissolution will entail irreparable loss upon the complainant; the court being vested with discretion in the matter.

5. *Same; Water and Water Courses; Irreparable Injury.*—Where an injunction to restrain a diversion of water did not order a restoration of the status quo, nor order the flow of the water to be changed, and the sworn answer denied any grounds for relief such irreparable damage was not made to appear as would necessitate the continuance of such injunction.

Appeal from Coosa Chancery Court.

Heard before Hon. W. W. Whiteside.

Bill by A. McAllister against Robert Lauderdale for an injunction to restrain the diversion of water. From a decree overruling a motion to dissolve, defendant appeals. Reversed, rendered, and remanded.

The case made by the bill is that complainant was the owner in fee and in actual possession of certain described land; that the northwestern part of said land is bounded by a branch or ditch through which the branch runs, that the branch is furnished by two springs lying east of said lands, and that the springs have furnished a continual flow of water at all seasons of the year, and have so furnished it for time out of mind, and that the natural flow of said water from said springs is now and has always been in and along said branch or ditch, and furnished at all seasons of the year an ample supply of water for man and beast; that complainant has always used the land described lying along and bordering on said ditch as a grazing ground and pasture for his live stock, and that the said branch was and is the only water running and otherwise on or adjoining said lands, or any lands owned by him as a homestead; that respondent is the reputed owner

of the lands lying immediately north of said lands own-
ed by orator and north of said branch, and during the
months of January and February, 1914, respondent
cut or caused to be cut a ditch north of orator's land,
and north of said branch, and diverting the natural
flow of water from said springs and said branch, so
that it has been entirely diverted from orator's lands,
and no part or parcel of said water now flows along
its natural course, nor touches orator's land. The affi-
davit filed to the bill is as follows: Before me, John
W. Batson, register in chancery in and for said state
of Alabama and Coosa county, personally appeared
A. McAllister, who is known to me, and who being first
duly sworn deposes and say that the statements, alle-
gations, and averments contained in the above and fore-
going bill are true and correct to the best of his knowl-
edge and belief.

JAMES W. STROTHER, and J. A. DARDEN, for appel-
lant.

FELIX L. SMITH. for appellee.

ANDERSON, C. J.—(1, 2) The affidavit to the bill
is not sufficient to support a temporary injunction, but
this is a mere irregularity which should not work a
discharge of the injunction until opportunity is given
to amend the affidavit.—*Woodward v. State*, 173 Ala.
7, 55 South. 506, and cases there cited. The chancel-
lor erred in not holding the affidavit insufficient, with
a conditional decree that the injunction should be dis-
solved upon a failure of the complainant to perfect the
same within a fixed time.

(3) Although the bill shows cause for injunctive re-
lief, if the sworn answer denies all the averments there-

of upon which any right to relief could be predicated, the temporary injunction issued is properly dissolved. —*Weeks v. Bynum,* 158 Ala. 231, 48 South. 489; *Hall v. A. B. & A. R. R. Co.,* 158 Ala. 271, 48 South. 365.

(4) The chancery court, however, is vested with some discretion in the matter, and need not dissolve the injunction, even upon sworn denials of the answer in case the dissolution would entail irreparable loss upon the complainant.—*Gilreath v. Carbon Hill Co.,* 157 Ala. 153, 47 South. 298.

(5) The sworn answer in the case at bar denied the material allegations of the bill, and the same entitled the respondent to a dissolution of the temporary injunction, he having moved for same, unless irreparable injury was liable to be sustained by the complainant. We are at a loss to see how a dissolution of the injunction in question could have caused irreparable injury to the complainant. It did not order a restoration of the status quo, but merely restrained the respondent from diverting the water from its natural flow. It did not order him to close the ditch or to change the flow of the water, but merely to not divert it from its natural flow, and the fact that he was doing so could not be ascertained, except by the proof upon the final hearing. In other words, the injunction, or the dissolution of same left the parties just as they were when the bill was filed, and the status could not be changed, whether the injunction existed or was dissolved until the proof disclosed upon the final hearing whether or not the respondent was diverting the water from its natural flow.

The chancery court erred in not sustaining the respondent's motion to dissolve the temporary injunction,

and the decree is reversed, and one is here rendered sustaining same, and the cause is remanded.

Reversed, rendered, and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.