(80 South. 289)

DAY & BARCLIFT et al. v. STEWART.
(8 Div. 89.)

(Supreme Court of Alabama. June 29, 1918. Rehearing Denied Nov. 14, 1918.)

1. APPEAL AND ERROR ⊕877(4)—WHO MAY ALLEGE ERROR—CROSS-COMPLAINANT.

Where an injunction was ordered issued, and was invited by the averments of the bill, and not by or through the averments of a cross-bill by a defendant, the cross-complainant cannot complain of an order granting the motion of another defendant to dissolve the injunction.

2. INJUNCTION ⊕118(4) — BILL — SUFFICIENCY.

A bill without equity will not support an injunction or justify its issuance.

3. MORTGAGES ⊕616 — REDEMPTION — EQUITY.

A bill by a junior mortgagee against the holder of a senior mortgage is without equity, if it does not bear an offer to do equity by paying all that may be found due under the senior mortgage.

4. MORTGAGES ⊕413 — REDEMPTION — EQUITY.

A bill by a junior mortgagee to enjoin a senior mortgagee from foreclosing held to carry a sufficient offer under the alternative prayer of redemption to do equity by paying all that may be due on the senior mortgage.

5. SPECIFIC PERFORMANCE ⊕49(1)—AGREEMENT—CONSIDERATION.

An agreement by a senior mortgagee to accept a certain amount from a second mortgagee for his interest cannot be specifically enforced, where there was no consideration for the agreement.

6. MORTGAGES ⊕29—ASSIGNMENT OF CONTRACT—EQUITABLE MORTGAGE.

An agreement, in consideration for the indorsement of a note, that the indorser should hold as security a mortgage executed by the promisor to indorser and a third person, was assignable, under Code 1907, § 5158, and constituted the assignee an equitable mortgagee.

7. MORTGAGES ⊕413 — ENJOINING FORECLOSURE.

Where the real amount due on a senior mortgage and the property covered were uncertain, a second mortgagee was entitled to injunction to restrain senior mortgagee from foreclosing until the relative rights of the parties were determined.

McClellan and Mayfield, JJ., dissenting in part.

Appeal from Circuit Court, Morgan County; R. C. Brickell, Judge.

Suit by Day & Barclift against S. E. Stewart and J. L. Day; the latter filing a cross-complaint. From an order granting a motion of defendant S. E. Stewart, to dissolve an injunction against him, the plaintiffs and the cross-complainant appeal. Reversed, rendered, and remanded.

Paragraph 2 of the original bill referred to in the opinion was as follows:

Thereafter the said J. R. White, having been and become largely indebted, in the sum of $1,400, to the firm of Day & Barclift, did on August 4, 1915, execute to the said J. L. Day, the following instrument:

"State of Alabama, Morgan County. For and in consideration of an indorsement to be made by J. L. Day to the First National Bank of Hartselle, Ala., in order for me to secure loan for the payment of an account now due Day & Barclift, which account was made for supplies furnished me by Day & Barclift, to enable me to operate my stave and heading mill, I hereby agree to execute to the First National Bank of Hartselle, Ala., note for an amount to cover said account, and that the said J. L. Day shall hold as security for his indorsement on said note a certain mortgage executed by me to J. L. Day and C. C. Doss, said mortgage holding in full all property and live stock as described therein against any liability that might be incurred by said J. L. Day for his indorsement on said note. J. R. White."

E. W. Godbey, of Decatur, for appellants. Sample & Kilpatrick, of Cullman, for appellee.

McCLELLAN, J. [1] The appellants are Day & Barclift, a partnership, original complainants, suing as such, and J. L. Day, cross-complainant. They assign errors separately. The only ruling presented for review through the assignments is the action of the court in granting the motion of appellee, S. E. Stewart, to dissolve the temporary injunction whereby S. E. Stewart was restrained from foreclosing a mortgage executed by J. R. White to him on January 8, 1913. J. L. Day was made a party defendant in the original bill. He answered, and constituted his answer a cross-bill. S. E. Stewart was made a defendant to the amended bill; he not being a party to the original bill. It may be that S. E. Stewart was not made a party de-

fendant to Day's cross-bill, though the record does disclose that Day amended a "petition for a receiver" by making S. E. Stewart a party thereto. Apparently the petition referred to was a pleading or paper distinct from Day's cross-bill. The injunction was ordered issued, and was invited by the averments of the original complainant's pleading, and not by or through the averments of J. L. Day's cross-bill. Since J. L. Day was not a party complainant to the original or amended bill, and since the injunction was issued on the complainant's pleading, J. L. Day is not shown to have any right to complain of the action of the court in dissolving the injunction on S. E. Stewart's motion. It results that J. L. Day's assignment of errors cannot be justified.

The review here must be restricted to the action of the court in dissolving the injunction on Stewart's motion. With reference to the senior mortgage to S. E. Stewart, the amended bill's prayer, in the express alternative, is in these words:

"That the agreement of S. E. Stewart to transfer and assign said notes secured by said mortgage to Day & Barclift be *specifically performed* or in the alternative, that complainant be allowed to redeem and that said mortgage, when redeemed from, be foreclosed for their benefit. * * *" (Italics supplied.)

The "agreement" with S. E. Stewart, the specific performance of which the complainants seek is thus described in paragraphs D and E of the amended bill, reading as follows:

"Par. D. Pending this suit, complainant and petitioners undertook to purchase said notes, with a view to redeeming from said mortgage, but were unable to satisfactorily assure themselves of the amount due on said notes. On July 10, 1916, said S. E. Stewart presented his affidavit in this cause opposing a receivership, wherein he declared the amount due to be $5,-700. Negotiations to acquire said notes from him by complainant and petitioners followed; and on July 12th said Stewart announced that a mistake had been made, and that the real amount was between $6,200 and $6,300, although he had previously told John Hartselle, as complainant and petitioners are informed and believe, and therefore aver, that he would take $5,000. On the night of July 14, 1916, the *complainant and petitioners agreed upon a trade for the said notes, at and for the sum of $5,-500*; this contract was consummated by and between said S. E. Stewart and J. L. Day, who came, then, around to the store of Day & Barclift, in Hartselle, and had P. W. Barclift witness the trade. On Saturday the contract was changed so that said notes were to be transferred to Day & Barclift, for $1,000 cash, and the remainder of the purchase money to be evidenced by Day & Barclift's further notes due January, 1917.

"Par. E. Thereafter said S. E. Stewart was reduced to a condition of what appears to complainant and petitioners, and they therefore aver on such appearances and their belief, drunk, and he has since said trade refused to carry out said agreement, and has announced that he would not do so, and has reduced himself, as complainant and petitioners aver upon information, appearances, and belief, to a state of incompetency to consummate the said solemn transaction."

Paragraph F of the amended bill immediately succeeds, in order, the paragraphs just quoted, and reads as follows:

"Par. F. Complainant Day & Barclift and J. L. Day are able and willing to consummate said transaction, as agreed, and here offer to do so, and offer to abide by the decree of the court, and to pay such sum as the court may decree that they should pay."

[2, 3] A bill without equity will not support an injunction or justify its issuance. Bishop v. Wood, 59 Ala. 253; McHan v. McMurry, 173 Ala. 182, 187, 55 South. 793. A bill by a junior mortgagee against the holder of a senior mortgage is without equity, if it does not bear an offer to do equity by paying all that may be found due under the senior mortgage. Higman v. Humes, 133 Ala. 617, 32 South. 574; Murphree v. Summerlin, 114 Ala. 54, 21 South. 470, among others.

[4] A majority of the court, consisting of ANDERSON, C. J., and SAYRE, SOMERVILLE, GARDNER, and THOMAS, JJ., are of the opinion, and so decide, that paragraph F, above quoted, carries a sufficient offer, under the alternative prayer to redeem, to do equity by paying all that may be found due on the Stewart mortgage debt, and they thus interpret the offer borne by paragraph F. Justice MAYFIELD and the writer are of the opinion that the offer expressed in paragraph F has reference alone to the phase of the amended bill (paragraphs D and E, quoted ante)—leading to the alternative prayer for specific performance—that undertook to aver Stewart's agreement "to transfer and assign said notes secured by said mortgage to Day & Barclift." If so, there is in the amended bill no offer, perfect or imperfect, to pay what should be found to be due on the senior (Stewart) mortgage. It is manifest from the face of the amended bill that the pleader did not, when paragraph F was written, intend to offer to pay what was found due on the senior (Stewart) mortgage. The offer then made was to satisfy a decree that made definite the monetary feature of Stewart's alleged, varying proposition "to assign and transfer said notes secured by said mortgage." To interpret the averments of paragraph F as referring to the redemption sought by the amended bill necessitates the extension to the pleading of a construction that is favorable to the pleader, to the end that error may be attributed to the court in dissolving the injunction.

[5] The court is of the further opinion that error in dissolving the injunction cannot be predicated of the theory that the com-

plainant firm was entitled to specific performance of the agreement averred in paragraphs D and E of the amended bill. No consideration for the agreement is shown by the averments thereof nor does it appear that the complainant suffered any prejudice or detriment of a sort to afford a consideration for the agreement asserted. On this aspect of the amended bill, the conclusion of facts prevailing with the court below, the averments of the sworn answer being factors (Code, § 4535), cannot be said to be founded in error.

[6] The court further holds that the agreement set forth in paragraph 2 of the original bill, together with the results attending upon it, was assignable, constituting the complainant firm an equitable second mortgagee. Code, § 5158; Crawford v. Chattanooga Bank, 201 Ala. 282, 78 South. 58.

[7] In view of the real uncertainty in respect of both the elements and the true aggregate amount of the debt secured by the senior (Stewart) mortgage, as well as the uncertainty with respect to what property was, in fact, subject to the Stewart mortgage, the foreclosure thereof by Stewart was, originally, properly enjoined, pendente lite; and the retention of the injunction was essential to maintain the status quo, that the court might, definitely and without the complications of a foreclosure under the power of sale, introduce, ascertain, determine, and effectuate the just relative rights of the parties.

The dissolution of the injunction, on the motion of S. E. Stewart, was erroneously ordered. The order to that effect is reversed, the injunction is restored pendente lite, and the cause is remanded.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE, GARDNER, and THOMAS, JJ., concur.

McCLELLAN and MAYFIELD, JJ., dissent in part.