(130 So. 189)

### STOUT et al. v. THOMAS.

8 Div. 169.

Supreme· Court of Alabama.

June 26, 1930.

Rehearing Denied Oct. 23, 1930.

S. A. Lynne, of Decatur, for appellants.

E. W. Godbey, of Decatur, for appellee.

THOMAS, J.

The appeal challenges the correctness of the decree denying the motion of appellants-defendants to dissolve injunction, and upon consideration of the motion and affidavits and sworn answer decreeing "that said motion to dissolve the preliminary injunction be and the same is hereby denied and overruled."

When the same is carefully considered, there was reasonable indication that the check for interest to a date beyond the sale day was accepted, and that other reasonable time would be extended to the mortgagor, and that the latter was thereby lulled into repose or sense of security for the supposed extended time, and that he acted thereon and to his detriment or prejudice as a reasonable man was authorized to do.

A mortgagee must not, by word or conduct, mislead the mortgagor to his prejudice in the premises, as to the fact of foreclosure or the time, place, and manner of sale. Ivy v. Hood, 202 Ala. 121, 79 So. 587; Henderson Law Co. v. Wilson, 161 Ala. 504, 49 So. 845.

The temporary injunction was retained that the case could be tried upon full pleading and proof to final decree. And other discussion of the facts will not now be indulged, or the same may be premature.

The complainant fully submits his cause to the court, and offers to pay all that may be found to be due; asserts his ability and willingness to comply with the order made. Any other offer or tender would have been futile, and he was not required to make the same—to do a vain and useless thing. Day & Barclift v. Stewart, 202 Ala. 230, 80 So. 289; Root v. Johnson, 99 Ala. 90, 10 So. 293; Cain v. Gimon, 36 Ala. 168, 174; Weinberg v. Naher, 51 Wash. 591, 99 P. 736, 22 L. R. A. (N. S.) 959.

In the propriety of restraining injunctions, the chancellor has a large discretion (Lauderdale v. McAllister, 193 Ala. 175, 68 So. 984), notwithstanding the denials of the answer (Mobile & W. R. Co. v. Fowl R. L. Co., 152 Ala. 320, 44 So. 471), if the court can see good reason, on the facts disclosed, why the injunction should be retained, or, if not, entails irreparable loss upon complainant. S. O. Cruce v. N. C. McCombs, ante, p. 587, 129 So. 279; Toney v. Burgess, 208 Ala. 57, 93 So. 850; Daniel v. Birmingham Co., 207 Ala. 659, 93 So. 652; Lauderdale v. McAllister, 193 Ala. 175, 68 So. 984; Franklin v. Long, 191 Ala. 310, 68 So. 149; Francis v. Gilreath C. & I. Co., 180 Ala. 338, 60 So. 919; Parrish v. Reese, 165 Ala. 638, 51 So. 824; Gilreath v. Carbon Hill, etc., Co., 157 Ala. 153, 47 So. 298.

The judgment of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.