48 So.2d 212

### BOOTH et al. v. PARRISH.

### 7 Div. 61.

Supreme Court of Alabama.
Oct. 19, 1950.

Walter J. Merrill and Knox, Jones, Woolf & Merrill, all of Anniston, for appellants.

Ross Blackmon, of Anniston, for appellee.

SIMPSON, Justice.

Appeal from interlocutory decree overruling demurrers of Booth and Sinclair Refining Company, appellants, to the amended bill of John Parrish, appellee.

The bill seeks affirmative relief against Booth for redemption from a mortgage foreclosure, for an accounting to determine the amount of the mortgage debt, and for the cancellation of any deed to the suit property by Booth to Bennett and Morrison (the latter two respondents not appealing), and some sort of accounting from Sinclair Refining Company, as lessee of the property. Booth and Sinclair only are appealing and have separate assignments of error. We hold the bill good as against Booth but that no proper showing is made to make Sinclair a party.

The bill against Booth shows: Parrish owned the tract of land subject of suit, on

which was located a garage and filling station, and in 1933 leased the filling station portion of the property to Sinclair; in 1935 Booth became Sinclair's agent and as such agent received the rentals from Sinclair and would pay them to Parrish; in December, 1939, Parrish borrowed $386.96 from Booth, giving a mortgage as security, with the understanding and agreement that Booth would apply the Sinclair rentals on the mortgage debt, wherefore to this extent Booth became complainant's agent, and not only was Booth thus his agent but also his trusted adviser in business matters, in whom he placed confidence; before and at the time of the execution of the mortgage, it was agreed that only the filling station property be included and, though the maturity date of the debt was written as November 20, 1940, the mortgage was not to be foreclosed, but the Sinclair rentals would be used to retire the debt and there would be a provision included that foreclosure would not be instituted until Parrish was given personal notice thereof; that Parrish did not read the mortgage, but relied on these representations of his agent and adviser, said Booth; contrary to this agreement and in breach of the trust Booth had the mortgage so prepared to include the entire property, garage and filling station, and without provision for personal notice before foreclosure; and in further breach of this trust and agreement, Booth did on August 14, 1941, without notice to Parrish, foreclose the mortgage; that, thereafter and shortly before the two year statutory redemption period expired, Parrish discovered Booth's breach of trust in thus foreclosing the mortgage, and forthwith demanded a statement in writing under the statute as to the amount necessary to redeem, but Booth told him he made no claim to the garage property and that when Parrish paid the amount due on the mortgage he, Booth, would surrender and deliver possession of the filling station property regardless of the statutory period allowed to redeem; Booth continued to make such assurances to Parrish from time to time and Parrish fully relied on these assurances and was lulled into the belief that the mortgage debt was being paid by the rentals accruing from Sinclair

as aforesaid; Parrish remained in possession of the garage property until recently, when he sold it to Bennett and Morrison for a cash consideration of two thousand dollars, whereupon he discovered that Booth was still asserting a claim to the property and a balance due on the mortgage debt of eight hundred dollars, and had negotiated a sale of his debt to said Bennett and Morrison and collected from them five hundred dollars and obtained an agreement from them to pay the balance of three hundred dollars. The bill further avers that complainant only learned of Booth's fraud in including the garage property in the mortgage after complainant's sale of this property to Bennett and Morrison and that Parish remained in possession of said property until his sale to Bennett and Morrison and the delivery of possession thereof to them.

The bill prayed (1) for an accounting from Booth to determine whether there be a balance due on the mortgage debt after deducting the amount of the Sinclair rentals which he had received, and to redeem the property, meanwhile offering to do equity in that regard; (2) the cancellation of any deed executed by Booth to respondents Bennett and Morrison; (3) the ascertainment of the reasonable rental value of the filling station property after the expiration of the Sinclair lease by reason of Booth's possession and use thereof; (4) an accounting by Sinclair as to the amount of rentals paid to Booth; (5) for general relief.

Very clearly the bill is good against Booth.

As alleged, the mortgage was executed in reliance upon the representations by Booth as to its contents; these representations were false; the complainant relied upon them and was not bound by the recitals of the mortgage to the contrary, notwithstanding he could and had an opportunity to read it before executing it, if he did not so read it and acted upon these representations. Adams Hardware Co. v. Wimbish, 201 Ala. 548, 78 So. 902.

The relation of principal and agent, coupled with the other alleged confidential

relations, justified the right to an accounting, the matters sought being within the peculiar knowledge of Booth. Electrolux Corp. v. Iverson, 250 Ala. 24, 32 So.2d 891.

We think the equity plead, namely, to be allowed to redeem even though the statutory period had expired, comes clearly within those cases which hold that under the circumstances as here shown, Booth was estopped to claim title under the foreclosure sale. It is declared by abundant authority that the mortgagee must do no affirmative act to mislead or deceive the mortgagor to his prejudice as to the fact of foreclosure or the time, place or manner of sale. And though the recorded mortgage itself is declared to operate as notice of the power to sell and of any title acquired by a purchaser thereunder, yet if a person holding under a recorded instrument does not remain merely passive, but does some affirmative act to mislead or deceive, he may be estopped to assert title against the persons dealing with the property as their own. Stout et al. v. Thomas, 221 Ala. 675, 130 So. 189; Ivy v. Hood, 202 Ala. 121, 79 So. 587, 590.

This court in the Ivy case quoted with approval the following from Schroeder v. Young, 161 U.S. 334, 344, 16 S.Ct. 512, 516, 40 L.Ed. 721: "Defendant relies mainly upon the fact that the statutory period of redemption was allowed to expire before this bill was filed, but the court below found in this connection that, before the time had expired to redeem the property, the plaintiff was told by the defendant Stephens that he would not be pushed, that the statutory time to redeem would not be insisted upon, and that the plaintiff believed and relied upon such assurance. Under such circumstances, the courts have held with great unanimity that the purchaser is estopped to insist upon the statutory period, notwithstanding the assurances were not in writing and were made without consideration, upon the ground that the debtor was lulled into a false security."

So, in the present case very clearly Parrish pleads a proper equity. By reason of the confidential relations existing between him and Booth, on whose representations he

is alleged to have relied, he was led to his prejudice to fail to redeem within the statutory period and has set forth sufficient allegations to now entitle him to that right.

Of such was the import of the following observation in the Ivy case: "* * * a mortgagee who has foreclosed and thereafter positively continuously recognized the right of the mortgagor to the redemption, would be estopped to deny that right, provided such mortgagor had been induced by such conduct or admission of the mortgagee to fail to redeem, within the time prescribed by the statute, or to act with reference thereto to his material detriment. * * *" 202 Ala., at page 124, 79 So. at page 590.

This is much the same case and governed by like principle as First National Bank of Opp v. Boles, 231 Ala. 473, 479, 165 So. 586, where the essential facts on which the complainants relied as creating an estoppel was an agreement entered into by the mortgagee, who entered upon the lands with the consent of the complainants upon the understanding that the respondent would collect the rents and apply the same according to the agreement, whereby the respondent was permitted to continue in possession of the land long after the statutory period of redemption had elapsed, the holding being that the mortgagee was estopped from repudiating the agreement and insisting on rights acquired by foreclosure. The court said: "The question here presented is not one of divesting title to land by estoppel in pais, but the question is rather whether the respondent will be permitted to assert his title to defeat a legal right in the complainants, which legal right was not timely asserted by reason of a positive agreement on the part of the respondent that it would so act as to make the assertion of complainants' legal right unnecessary." 231 Ala. at page 479, 165 So. at page 592.

It is not controverted but that the failure of Booth to furnish a proper statement of the debt and lawful charges on original demand of the complainant averted the necessity of making a tender, the offer in the bill to do equity being sufficient. Harris v. Bradford, 245 Ala. 434, 17 So.2d 145.

Nor does the bill show on its face as a matter of law that the complainant has been guilty of laches, in which case only would it be subject to demurrer on that ground. No arbitrary rule can be stated to determine when equity may invoke the doctrine to deny relief and each case must turn on its own facts. Ofttimes there are qualifying circumstances that avert application of the doctrine, and we think the bill sufficiently shows such circumstances. Pittman v. Pittman, 247 Ala. 458, 25 So.2d 26; Davidson v. Blackwood, 250 Ala. 263, 34 So.2d 205.

We repeat, the bill as against the demurrer of Booth is good, but as to Sinclair we are not so convinced. Sinclair is not shown to have any interest in or connection with the subject matter which gives equity jurisdiction, namely, the property in suit and the right, vel non, of the complainant to redeem from the mortgage foreclosure, and no relief is sought against Sinclair in that regard. It is not contended by the bill that Sinclair owed complainant anything and it would be vexatious to require it to defend the suit. 39 Am.Jur. 904, § 36.

The decree of the lower court is affirmed as to appellant Booth and reversed and remanded as to appellant Sinclair Refining Company.

Affirmed in part and in part reversed and remanded.

BROWN, LIVINGSTON, and STAKELY, JJ., concur.