# Houston *v.* Howze.

### *Injunction.*

(Decided May 24, 1909. Rehearing denied June 30, 1909.
50 South. 266.)

1. *Charities; Equity; Jurisdiction.*—Equity will not take jurisdiction of matters concerning charitable associations or religious societies except for the purpose of protecting some property right.

2. *Equity; Motion to Dismiss; Determination.*—Upon a motion to dismiss a bill for want of equity only the bill and its allegations can be looked to.

3. *Same; Jurisdiction; Property Rights.*—A bill which showed that the right of a complainant to an office in a fraternal society, to which office is attached some pecuniary interest in the shape of exemption from dues of the society and in which is involved, a right to life and health insurance shows a property right, and such bill does not fall within the rule that equity will not take jurisdiction of matters concerning charitable and religious associations, but falls rather in the exception that a property right is involved.

APPEAL from Birmingham City Court.
Heard before Hon. C. A. SENN.

Bill by Jennie Houston against C. A. Howze. From a judgment dismissing the bill for want of equity, and dissolving a temporary injunction, complainant appeals. Affirmed as to the injunction and reversed, rendered and remanded as to the judgment of dismissal.

POWELL & BLACKBURN, for appellant. No brief came to the Reporter.

Z. RUDOLPH, for appellee. No brief came to the Reporter.

SIMPSON, J.—The bill in this case was filed by the appellant against the appellee, alleging that appellant and appellee are members of a beneficial and charitable organization known as "United Brothers of Friendship and Sisters of the Mysterious Ten," organized in Alabama as a corporation; that the Grand Lodge in Alabama is governed by an Executive Board, of which the defendant is the chief executive officer; that complainant is the chief executive officer of Elizabeth Temple, No. 2, of Birmingham, a subordinate lodge of said organization, the title of her office being "Worthy Princess;" that each member who carries a certificate of endowment is entitled to sick benefits and to life insurance to the amount of $300; that complainant receives no salary, but in lieu thereof is relieved of the payment of the monthly dues of 35 cents, which keep up said insurance; that complainant was elected to said office in December, 1907, for one year; that on February 1, 1908, the defendant, as Grand Master, issued an order suspending her from said office, and has attempted to install another member; that he is about to order her benefit and insurance certificate canceled, and is misappropriating funds, etc.; and that she had no right to appeal

to any board of officers for redress.  The bill prays that said Howze be enjoined from interfering with complainant in the exercise of said office, and from taking steps to remove complainant, and from interfering with the installation of other proper officers of any subordinate temples, and from collecting fees for said installations, except when requested by such temple, etc., and that he be required to account for and pay over to the Grand Lodge, all moneys collected, etc.

The answer denies that the Grand Lodge is governed by the Executive Board, but alleges that the Executive Board is the agent of the Grand Lodge, with the duty to supervise subordinate lodges and see that the constitution and by-laws are obeyed; that said Grand Lodge is governed by the wishes and voice of the subordinate lodges expressed by a majority vote of delegates; that the Grand Master merely presides, and does not vote; and that respondent is Grand Master.  It denies that complainant was, at the time of the filing of the bill, or is now, holding said office, but alleges that one Stella Gaston is.  It denies that said organization maintains a sick benefit fund or insurance, but aleges that a department entirely separate and independent provides for the endowment fund securing $300 insurance, that no sick benefits are paid out of the endowment fund or by the endowment department, that the 35 cents paid by each member goes to the endowment department, and that, if any provision is made for sick benefits, it is by the subordinate lodge.  It denies that the office of Worthy Princess has any pecuniary value, alleging the same to be entirely honorary.  It denies that orator was ever legally installed in said office, in accordance with the law of the association, but alleges that her installation was set aside for violation of the law of the order January 6, 1908.  It denies any intention to cancel her

benefit policy, alleging that this can be done only on the initiative of the subordinate lodge.

Without stating all of the allegations of the answer, it is sufficient to say that it denies all the facts which could give equity to the bill, if there were any. The courts will not take jurisdiction of matters concerning religious or charitable associations, except to protect some property or financial right.—*State ex rel. McNeill v. Bibb Street Church* 84 Ala. 23, 4 South. 40; *B. & O. R. R. Co. v. Stankard,* 49 L. R. A. 385, 386, note. But, in considering the question of the dismissal of the bill for want of equity, only the bill can be looked to, and not the answer. The allegations of the bill show that a property right is involved, to wit, the right of complainant to an office which has attached thereto a pecuniary interest, in the shape of exemption from dues and a right to life and health insurance. That being the case, it is within the jurisdiction of the court to protect that right and interest.—*Christian Church of Huntsville v. Sommer,* 149 Ala. 145, 43 South. 8, 8 L. R. A. (N. S.) 1031.

We will not discuss the question whether injunction is the proper remedy to try the right to office in a corporation, as this is not a case where a person has been removed from office by the constituted authorities of a corporation. The corporation is not made a party, and the claim is only that an individual, who has no such authority in the corporation, is interfering with the enjoyment by complainant of her rights.

As to the other feature of the bill, to wit, the prayer that said respondent be required to pay over funds collected to the corporation, the bill is defective, as it is in other respects; but there was no demurrer.

The decree of the court is affirmed in so far as it dissolved the temporary injunction; but in so far as it dismissed the bill the decree is reversed, and a decree will

be here rendered overruling the motion to dismiss the bill for want of equity, and the cause is remanded.

In part affirmed, and in part reversed and rendered, and remanded.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.