# State, *ex rel.* Garber, Attorney General *v.* Abraham, *et al.*

### *Bill to Enjoin Keeping Unlawful Drinking Place.*

(Decided Feb. 10, 1910.—51 South.. 788.)

*Intoxicating Liquors; Injunction to Prevent Sale; Evidence.*—The evidence in this case stated and examined and held insufficient to establish that the defendant was engaged in the retail liquor business so as to authorize proceedings under Acts 1907, p. 63, S. S., to enjoin the keeping of an unlawful drinking place.

APPEAL from Montgomery Chancery Court.

Heard before Hon. L. D. GARDNER.

Proceedings by the state on the relation of the Attorney General, against Joe Abraham by way of an injunction to prohibit the unlawful sale of whisky, resulting in a seizure of the fixtures, etc., for which Grell

[State, ex rel. Garber, Attorney General v. Abraham, et al.]

Brothers and B. S. Greil, interposed a claim by way of intervention. There was a decree dismissing the case, and the Attorney General appeals. Affirmed.

ALEXANDER M. GARBER, Attorney General, THOMAS W. MARTIN, Assistant Attorney General, PHIL H. STERN, Solicitor, and WILLIAM L. MARTIN, Counsel for the State.—There can be no question of the power of the Legislature to enact necessary prohibition laws.— *Bd. of Excise v. Barrett*, 34 N. Y. 567; *Boston Beer Co. v. Mass.*, 97 U. S. 25; Black on Intoxicating Liquors, p. 44, et seq., *Deems v. Baltimore*, 45 Am. St. Rep. 342; *Mugler v. Kansas*, 123 U. S. 209. The search and seizure laws are valid.—*Bd. of Comm. v. Wagner*, 86 Am. St. Rep. 423; *Spaulding v. Preston*, 50 Am. Dec. 68; *Leck v. Anderson*, 40 Am. Rep. 115; *Lawton v. Steele*, 12 U. S. 136; *Wynebruner v. The People*, 13 N. Y. 378; *Dunn v. Burley*, 62 Me. 37; Black on Intoxicating Liq. p. 70. The proceeding is one in rem and the seizure of the article was notice sufficient to the owner. —*Penoyer v. Knapp*, 95 U. S. 714; *The Mary*, 9 Cranch. 144. The court was clearly in error in permitting claims to be filed.—Sec. 8, Acts 1907, p. 77, S. S.; *Ring v. Nichols*, 91 Me. 478; *Thurston v. Adams*, 31 Me. 424; *Messervey v. Gray*, 55 Me. 542; *State v. Liquors*, 47 N. H. 369.

STEINER, CRUM & WEIL, and HILL, HILL & WHITING, for appellee.—If the decree of the court dismissing the bill was proper, it was immaterial that the court erred, if it did, is without harm to anyone. The court could not order a destruction of the property until it was finally adjudged that the property seized was used in the maintenance of an unlawful nuisance or business. —*Moody v. McKenny*, 73 S. C. 438. Certainly, this would be true unless it be shown that the owner of the

property consented to its use or had knowledge of its unlawful use or in some manner aided and abetted the maintenance of a nuisance.—*State v. Liquors*, 63 Me. 121; *U. S. v. Liquors*, 96 Fed. 479; Black on Intoxicating Liquors, Sec. 302. The court's attention is especially invited to the cases of.—*State, ex rel. v. Patterson*, 99 N. W. 67; *State ex rel. v. Nelson*, 99 N. W. 1077. Statutes of this character are strictly construed, and the writ must be justified by some law.—*Boyd v. U. S.*, 116 U. S. 616; *Ex parte Hearn*, 92 Ala. 111.

SIMPSON, J.—This is an equity proceeding under "An act to further suppress the evils of intemperance," etc. (commonly called the "Fuller Bill").—Acts Sp. Sess. 1909, p. 63. The bill makes Joe Abraham and his landlords and agents parties, and alleges that Abraham occupies the ground floor of the building described as "a saloon," that he holds a United States license as a retail liquor dealer, that none of the parties are wholesale or retail druggists, and that said Abraham "is conducting upon said premises an unlawful drinking place, and is engaged in the business of a retail liquor dealer," and prays for an injunction and writ of seizure, and that the premises be closed, in accordance with the provisions of said act. The bill was subsequently amended, by striking out the prayer for closing the premises. The writs were issued in accordance with the prayer of the bill. Under the writs of seizure certain bar fixtures, soda fount, ice box, tables, chairs, bar glasses, jugs of syrup, cash registers, and nine half pints of whisky were seized.

Greil Bros., a corporation, intervened by petition, alleging that said corporation had delivered to said Abraham the said soda fount and outfit under an agreement, which is made an exhibit to said petition, by which said property was to be rented to said Abraham until he

[State, ex rel. Garber, Attorney General v. Abraham, et al.]

paid a certain amount, when the property was to be conveyed to said Abraham, and that only a small part had been paid.  Petitioners therefore claimed the property, and prayed that the same be delivered to them on suitable bond, etc.  The petition was afterwards amended so as to allege that said property was not used by or with petitioner's consent for any unlawful purpose, etc. B. S. Greil also intervened, claiming the other personal property seized, not including the whisky and syrup, alleging that he had rented the same to Abraham, and that it was not used for any unlawful purpose with his consent and knowledge.  Numerous demurrers were interposed, and acted on by the court: also motions to disallow the intervention, etc.  The chancellor ordered the property to be delivered to the interveners on the execution of a proper bond, and, on the final submission of the case, dismissed the same.

It is evident that, if the court affirms the action of the court in dismissing the bill, it will be unnecessary to consider the question as to whether there is any authority of law for delivering property up on execution of a bond in these cases, and the other errors assigned. So we will first consider the last assignment of error, which relates to the action of the court in dismissing the bill.  Section 19 of the act specifies the cases in which the equity proceeding may be invoked to abate the nuisance.

The evidence shows that the place in question, kept by said Abraham, was a soft drink stand, with a billiard or pool room in the rear; that there were found therein bar fixtures, a counter, bottles of mineral water, cigars, soda fountain, syrups, chairs, some empty whisky bottles in the rear, and in the cellar about a half dozen pint bottles of whisky in a grip; that the storehouse was about 14 feet front, running back about 100 feet; that before the enactment of the prohibition laws

this place had been occupied as a saloon; that no whisky or intoxicating beverage was found in the store proper; that steps in the rear and outside of the building led down to this cellar, which was locked, and the key to which was delivered to the sheriff by Abraham; that the cellar looked like a plunder room, and not like it was used frequently; that the grip or valise in which the whisky was found was an old one, and dusty; that practically every one in the place was back in the pool or billiard room, playing on the tables, of which there were four.

The defendant Abraham testified that he had a United States revenue license, which was taken out July 1, 1909, at that time he was selling "near beer," which required the United States license; that he had not, since August 25, 1909 (the date of the passage of this act), sold any whisky or intoxicating beverages, or allowed any to be drunk about his premises; if any had been drunk there he did not know it; that the cellar had not been used for whisky since August 25, 1909; that he had not been down there in a year; that the cellar is dark and dirty, and not used for any purpose, except to store his coal, and "in the back we (they) hang up the dirty towels and aprons until they are sent out to wash;" that the grip was old and full of cobwebs; that he pays $150 rent. Tom Kelly, an employe of said Abraham, testified substantially the same as Abraham, and said that there was an accumulation of empty bottles there when they commenced business in September.

The evidence is not sufficient to establish the charge made in the bill, and the chancellor properly dismissed the case. The decree of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.