# Woodward *v.* The State.

*Bill to Abate Liquor Nuisance.*

(Decided June 1, 1911. 55 South. 506.)

1. *Intoxicating Liquors; Injunction: Bill; Verification.*—Where a bill was filed by the solicitor under Acts 1909, p. 70, and set forth the solicitor had probable cause for believing, and did believe on information, that the defendant, etc., and the bill was verified by a citizen, who recited upon oath that he, the affiant, was informed and had probable cause for believing, and did believe, that the statements in the bill were true, the verification was insufficient under section 20 of said Act, as it was an affirmation merely of the affiant's belief that the solicitor believed that the facts stated existed.

2. *Same.*—Construing section 20 of the Fuller Bill, and Rule 15 Chancery Practice, it is held that where a bill filed by the solicitor to abate a liquor nuisance was verified by a citizen, it must appear

that the officer was unwilling to make affidavit, and the citizens authority for making the affidavit should be disclosed by the affidavit.

3. *Same; Injunction; Facts to be Stated.*—Where the solicitor filed a bill for injunction to abate a liquor nuisance, and alleged that he was informed, and had probable cause for believing, and did believe, that the defendant had in his possession, or operated a room or place of business wherein he kept for sale and sold prohibited liquors, that he had within the past twelve months offered and sold quantities of such liquors, and allowed some of it to be drunk on the premises creating and maintaining a common liquor nuisance in violation of law, and that the accused was not a druggist, and did not keep a drugstore at his place of business, and that his place of business was not exclusively used as a dwelling house, the bill averred no facts, and was therefore insufficient, and could not be supported by the rule that a bill will be given every reasonable intendment.

4. *Injunction; Motion to Discharge; Motion to Dissolve.*—A motion to dissolve an injunction lies only where there is a want of equity in the bill, or where there has been a full and complete denial of its equities by the answer; a motion to discharge lies for irregularities in the bill, or for irregularities in the order granting the injunction.

5. *Same; Waiver of Defect.*—Section 4526 Code 1907, authorizes a motion to discharge and to dissolve to be made and to be heard at the same time without prejudice, and hence a motion to dissolve is not a waiver of a right to move to discharge.

6. *Same; Discharge; Defect of Verification.*—The defect in verification of a bill is an irregularity, and it should be attacked by a motion to discharge the injunction, but the motion should not be granted until opportunity is given to supply the defective affidavit.

7. *Equity; Pleading; Bill; Construction.*—A bill will be sustained if the facts alleged, whether well or poorly pleaded, show a case for equitable relief, as a bill will be given every reasonable intendment, except adding facts not set forth therein.

8. *Same; Bill; Dismissal.*—Although section 3121, Code 1907, puts the respondent to a general demurrer, instead of motion to dismiss for want of equity, that right, in cases of injunction, is preserved by § 4526, Code 1907.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOS. W. WERT.

Bill by the State of Alabama, by its solicitor, against M. E. Woodward, to abate a liquor nuisance. From decree overruling demurrer to bill and motion to dismiss, respondent appeals. Reversed and rendered.

The bill alleges that the solicitor of the Morgan law and equity court is informed and has probable cause for believing and does believe that M. E. Woodward, whose name is otherwise unknown to complainant, has in his possession or under his control or operates a room or

[Woodward v. The State.]

place of business at No. 418 Bank street, in the city of
Decatur, Ala., wherein he kept for sale, offered for sale,
or keeps for sale and sells, the prohibited liquors men-
tioned in the Fuller bill, and that he has on divers days
within the past 12 months kept said liquors for sale, of-
fered them for sale, and sold quantities thereof, and al-
lowed some of it to be drunk on the premises, and has
thus created and maintained the common nuisance or
liquor nuisance in violation of law; that the above-
named person is not a druggist, and did not keep a drug
store at the above-mentioned place; and that the room
where he operated was not in a building used exclu-
sively for a ˙dwelling house. The place is then de-
scribed, and it is alleged that to effectually abate said
described nuisance it is necessary to grant complainant
a writ of injunction to restrain the same, and to grant
a writ of seizure, etc. The affidavit attached is as fol-
lows: "Before me, T. W. Wert, judge, personally ap-
peared Richard N. McCulloch, who, being by me first
duly sworn, did upon oath say that he was informed,
and has probable cause to believe, and does believe that
the statements contained in the foregoing bill are true."

WERT & LYNNE, and KYLE & HUTSON, for appellant.
An appeal lies.—Section 2839, Code 1907. A motion
to discharge and a motion to dissolve may be made and
considered together without prejudice to either motion.
—Section 4526, Code 1907. A motion to discharge is
proper where the officer granting it had no authority to
do so on the facts stated in the bill, or where it was ir-
regularly issued.—*E. & W. R. R. Co. v. E. T. V. & G. R.
R. Co.*, 75 Ala. 278; *Jones v. Ewing*, 56 Ala. 350. The
verification was irregular and insufficient, and the bill
fails to state sufficient facts to authorize the issuance of
an injunction.—Authorities supra; 22 Cyc. 755 and

925; 10 Encyc. P. & P. 927; 9 Page 305. The bill must be properly sworn to.—*Thorington v. Gould*, 59 Ala. 461; *Bolling v. Tate*, 65 Ala. 417; *Jones v. Cowles*, 26 Ala. 612; *Lucas v. Oliver*, 34 Ala. 628; *Cameron v. Abbott*, 30 Ala. 416.

R. C. BRICKELL, Attorney General, and SAM'L BLACKWELL, Solicitor, for appellee. No brief reached the Reporter.

ANDERSON, J.—The bill in this case was filed and the injunction was sought to abate a nuisance as defined by the Fuller liquor bill.—Acts Sp. Sess. 1909, p. 63. Section 20 provides that the bill or petition must state the facts upon which the application is based, and shall be verified by the affidavit of the officer or citizen filing the suit, either upon knowledge or information and belief, as the circumstances may warrant, and in case the bill is filed by any one of the officers named, and he be unwilling to make the affidavit, the verification may be made by any citizen or citizens in the same manner. The bill in the present case was filed by Solicitor Blackwell, who sets forth "that he is informed, and has probable cause for believing, and does believe, that the succeeding facts exist," etc. Blackwell does not make the affidavit, but one is made by one McCulloch, which does no more than affirm that affiant "is informed, and has cause to believe, and does believe that the statements contained in the foregoing bill are true." The bill does not aver an unequivocal existence of the facts complained of, but that Blackwell is informed and believes that they do exist, and the affidavit by McCulloch is nothing more than an affirmance that McCulloch believes that Blackwell was informed and believes the existence of the facts as set out in the bill. This is an extraordinary remedy, authorizing the seizure and destruction of

property, and the issuance of an injunction must rest
upon a sufficient and valid affidavit, and cannot be sus-
tained upon such an affidavit as the one in question, as
it in no sense affirms the existence of the facts com-
plained of upon the knowledge or information of the af-
fiant, and is at best a mere affirmation that affiant be-
lieves that Blackwell believes that said facts exist. Ci-
tation of authority is needless to demonstrate the insuf-
ficiency of this affidavit, and, indeed, the learned trial
judge concedes in his opinion that the affidavit would
be insufficient, but for the recent cases of *Fitzpatrick v.
State*, 169 Ala. 1, 53 South. 1021, and *State v. Abraham*,
165 Ala. 201, 51 South. 788. The affidavit in the *Fitz-
patrick Case* is unlike the one in question, and avers
that affiant has probable cause for believing and does
believe the succeeding facts therein set out. The objec-
tion to the affidavit did not go to affiant's belief or
knowledge, but the insufficiency of the facts detailed to
charge an offense, and to the constitutionality of the
law; so this case in no way supports the sufficiency of
the affidavit in the present case. The *Abraham Case*,
*supra*, does not, as reported, disclose the affidavit, or
that any point was made as to the sufficiency of same.

It seems to be settled by the decisions of this court,
as well as the English cases, that if the injunction has
been irregularly granted, or if the order for it is erron-
eous, the remedy is not by a motion to dissolve. Such
a motion, founded, as it can be only, on a want of equity
in the bill, or the full and complete denial of its equity
by the answer, is a waiver of the irregularity, if any has
occurred, in the grant of the writ. The irregularity is a
ground for a motion to discharge, not for an application
to dissolve the injunction. The one is directed against
the mode of granting or issuing the writ, and the other
against the case made by the bill, or the sufficiency of

the answer to overcome it. The irregularities are amendable, and may be cured whenever attention is called to them, and may exist when the bill abounds in equity and the answer admits it.—*Jones v. Ewing,* 56 Ala. 360; *East & West R. R. v. East Tenn., Va. & Ga. R. R.,* 75 Ala. 275.

It appears, however, that since the rendition of these decisions the statute (section 4526 of the Code of 1907) authorizes motions to dissolve and discharge to be made and heard at the same time without prejudice. Consequently a motion to dissolve is not a waiver of the right

A defective verification of the bill is a mere irregularity and the court should not discharge the injunction until opportunity is given to supply a sufficient affidavit.—*Calhoun v. Cozens,* 3 Ala. 498; *Jacoby v. Goetter,* 74 Ala. 427; *Forney v. Calhoun Co.,* 84 Ala. 215, 4 South. 153. It is true, these last cases dealt with a motion to dissolve, and failed to consider the distinction between it and a motion to discharge, as brought out in the cases of *Jones v. Ewing, supra,* and *East & West R. R. v. E. T., V. & G. R. R., supra;* but they do hold, and properly so, that a defective verification of the bill is no cause for dissolving or discharging an injunction, unless the complainant, upon being ruled thereto, fails to verify his bill by a sufficient affidavit.—*Jacoby v. Goetter, supra.* We therefore hold that the judge of the law and equity court erred in not holding the verification of the bill insufficient, with a conditional decree that the injunction be discharged, unless a sufficient affidavit be made within the time fixed by the decree.

Section 20 of the act requires the bill to be sworn to by the complaining officer therein named, but further provides that the verification may be made by any citizen in case the officer is unwilling to make same. McCulloch, therefore, had no authority to make the affida-

[Woodward v. The State.]

vit, except in the event that Blackwell was unwilling to do so, and McCulloch's authority should be disclosed in the affidavit. Rule 15 of Chancery practice (page 1532, vol. 2, of the Code of 1907) ; *Kinney v. Reeves,* 142 Ala. 604, 39 South. 29; *Guyton v. Terrell,* 132 Ala. 67, 31 South. 83. But, as this case must be finally disposed of upon the motion to dissolve, there is no need for a remandment, in order that the affidavit may be amended or the injunction be discharged in case of failure to make said amendment.

While Section 3121 of the Code of 1907 abandons the motion to dismiss a bill for want of equity and puts the respondent to a general demurrer, yet the right to move to dissolve an injunction for want of equity in the bill is still preserved by section 4526, and which was made in the present case. The present bill avers no facts whatever, and falls far short of the requirements as to equity pleading (*Seals v. Robinson,* 75 Ala. 363), and is, therefore, wanting in equity. It is true that, in passing upon the equity of a bill, its equity will be sustained, if the facts, whether well or poorly pleaded, make out a case for equitable relief, and all defects as to manner or form of pleading will be considered as made; but this presumption does not extend to the addition of facts not set forth. The present bill avers no facts, and all intendments may be resolved in favor of the manner or form of pleading, and it would still be wanting in equity.

The law and equity court erred in not sustaining the motion to dissolve the injunction for want of equity in the bill, and the decree is reversed, and one is here rendered sustaining the motion and dissolving the injunction.

Reversed and rendered.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.