158 So. 310

**WOODLAWN BUILDING & LOAN ASS'N v. MADDOX et ux.**

**6 Div. 574.**

Supreme Court of Alabama.

Dec. 20, 1934.

---

⊙⟶For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes
[1] Ante, p. 140.

Wm. S. Pritchard, Jas. W. Aird, Archie T. Grubb, and Thos. H. Fox, all of Birmingham, for appellant.

Murphy, Hanna, Woodall & Lindbergh, of Birmingham, for appellees.

ANDERSON, Chief Justice.

The result of this case hinges upon the validity of a purported deed from these appellees, John Maddox and wife, to Mrs. E. N. Ward, who, with her husband, subsequently mortgaged the property to the appellant, Woodlawn Association. The appellees con-tend that, notwithstanding the certificate of acknowledgement and the notarial seal, the official did not acquire jurisdiction, as the parties never appeared before her, and the jury, in effect, found this contention to be true.

It is, of course, well settled that, when an acknowledging official acquires jurisdiction, his certificate is judicial in character and is conclusive of the recitals therein. But it is also well settled that a certificate of acknowledgement made by an officer without having acquired jurisdiction of party or subject-matter may be impeached. The impeachment, however, should be by clear and convincing proof. Fies & Sons v. Lowery, 226 Ala. 329, 147 So. 136, and cases there cited.

The notary, as a witness, had no independent recollection of the parties or the circumstances, basing her testimony as to the verity of the acknowledgement upon her signature and seal and her general custom and which is most natural when acknowledgements are frequent. She did admit, however, though attempting to explain or qualify it on redirect examination, that she did not examine every one who came into her office who had acknowledgements taken, or papers sworn to, to ascertain if they were the parties that they represented themselves to be. So, we have the testimony of the notary in no wise identifying John Maddox and wife, except by the presumption that the parties acknowledging the deed either represented themselves as or were represented to be John and Sallie Maddox. It appears that W. T. Ward, who engineered the whole transaction, making papers in the name of his wife, claims to have carried John and his wife to the notary and to have seen the acknowledgement. This was flatly denied by Maddox and his wife, and the trial court and jury saw and heard Ward and the defendants testify, were in possession of the facts surrounding and connected with the entire transaction, and were warranted in believing the defendants. True, Sallie Maddox did, at first, deny signing the deed, and it appears that the signature both of herself and husband was in her handwriting, but she subsequently explained that she did sign a second paper represented to her by Ward to be an amendment or correction of the contract, and had no idea that she was signing a deed. At any rate, after allowing all reasonable presumptions of the correctness of the verdict of the jury, we are not prepared to say that the evidence against the verdict is so decided as to clearly convince us that it is wrong and unjust, and therefore place the trial court in error for

refusing the motion for a new trial. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

The judgment of the circuit court is affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.