590

60 So.2d 349

**LUKES et al. v. ALABAMA POWER CO.**

**1 Div. 483.**

Supreme Court of Alabama.

Aug. 27, 1952.

J. Terry Reynolds, Jr., and Maurice A. Downing, Mobile, for appellants.

Francis H. Inge, Richard H. Inge and Inge, Twitty, Armbrecht & Jackson, Mobile, for appellee.

STAKELY, Justice.

This suit was instituted by the Alabama Power Company (appellee) against Maria G. Lukes and her husband George Lukes (appellants) to enjoin them from inter-fering in any manner with the exercise of the complainant's rights under a right of way deed. A copy of the instrument is attached to the bill of complaint as Exhibit A and made a part thereof. The respondents filed an answer and cross bill to the bill of complaint. In the cross bill the respondents sought to nullify the instrument which they had executed to the complainant on the theory that it had been procured by fraudulent misrepresentation of its contents. The complainant then filed an answer to the cross bill denying its allegations. The case was tried orally before the court with the result that the court entered a final decree granting relief to the complainant and made permanent the temporary injunction which had been granted to the complainant when the bill was filed. The appeal here is from the final decree.

On July 30, 1937 the Alabama Power Company obtained from Maria G. Lukes and her husband George Lukes a right of way deed granting to it an easement across property owned by them in Mobile County. The Alabama Power Company also obtained from Maria G. Lukes and her husband George Lukes a right of way deed granting it an easement across the same property owned by them but on a different location by an instrument dated August 31, 1942. After the Alabama Power Company had obtained its right of way deed in 1937 it erected a distribution line on the right of way granted therein. In May 1950 the Alabama Power Company went upon the land granted in the right of way deed of August 31, 1942 for the purpose of constructing a 2,000 volt transmission line between Theodore and Mobile, Ala. The requirement for the transmission line called for clearing a 50 foot strip as well as danger trees outside the 50 foot strip that might fall and hit the line. After the crew had cut the right of way, the trees and set up the poles, complaint was made by Maria Lukes and her husband that the company was wrongfully on their land and could not proceed with the construction of the transmission line. A representative of the company had a talk with George Lukes and advised George Lukes that the company had the right to construct the line and didn't

want any trouble and would proceed with the construction. According to the representative George Lukes stated, "Supposing I get my gun out and start shooting at you?" The representative of the company then advised George Lukes that he would have to ask for protection. A check of the location of the poles of the transmission line against the original survey and the right of way deed showed that the line was being located on the right of way granted in the deed of 1942. In view of the position taken by George Lukes the bill in the present case was filed and a temporary injunction was sought so that the construction of the line could be continued. The court granted a temporary injunction as we shall hereafter show.

Maria Lukes and George Lukes take the position in their cross bill that when they signed the right of way deed in 1942 they were told that the instrument was for the purpose of enabling the company to supply electricity to the residents of the immediate vicinity and two papers were presented to them for execution with the statement that one paper was to be retained in the office of the company in Mobile and the other paper was to be sent to the office of the company in Birmingham. It was contended that there was no consideration for the right of way deed of August, 1942. The court, however, heard the witnesses orally before it and found that there was no misrepresentation or fraud in the procurement of the right of way deed of 1942.

It is obvious that in 1942 the company already had at that time a right of way for a distribution line given in 1937 and the right of way granted in 1942 covered the transmission line which was being connected with a transmission line which had been constructed up to the property of Maria and George Lukes. Furthermore the undisputed proof shows the delivery by the company to George Lukes and his acceptance at the time of the execution of the deed in 1942 of $25, as evidenced by a check endorsed by him.

■■ The court was clearly correct in its finding in favor of the company on the issue of fraud or misrepresentation and certainly we will not disturb the finding where we cannot say that the finding of the court is not palpably wrong. Whitlow v. Moore, 246 Ala. 472, 21 So.2d 253; Lewis v. Wilkinson, 237 Ala. 197, 186 So. 150; Berry v. Howell, 242 Ala. 138, 5 So.2d 405.

■ We have carefully examined the instrument executed by Maria Lukes and George Lukes on August 31, 1942 which provides for a right of way for the company across their lands and different from the location embraced in the right of way deed of 1937. The right of way granted on August 31, 1942, gave to the company the right to construct, operate and maintain its lines and poles, towers and appliances for the transmission of electric power over and across the lands of the respondent together with all the rights and privileges necessary or convenient for the full enjoyment or use thereof, including the right of ingress and egress to and from the line with the right to cut and keep clear all trees or other obstructions that may injure or endanger the lines. We consider it clear that the company was entitled to an injunction to enjoin the respondents from disturbing or interfering with the use of the right of way granted to the company. South & No. Alabama R. Co. v. Highland Ave. & B. R. Co., 98 Ala. 400, 13 So. 682; Birmingham Trust & Savings Co. v. Mason, 222 Ala. 38, 130 So. 559; Sellers v. Valenzuela, 249 Ala. 627, 32 So.2d 517; West v. West, 252 Ala. 296, 40 So.2d 873.

■ Attack is made on the action of the court in the issuance of the temporary injunction without giving notice to the respondents. The granting of a temporary injunction ordinarily rests within the sound discretion of the judge issuing the injunction and he is not required first to have a hearing on the application for temporary injunction. § 1054, Title 7, Code of 1940. Nothing in this section nor any of the other related statutes requires a hearing prior to the issuance of the temporary injunction. It is obvious that under certain circumstances it would be too late to issue a temporary injunction if it were not issued on the application therefor. Dean v. Coosa County Lumber Co., 232 Ala. 177, 167 So.

566; Berman v. Wreck-A-Pair Bldg. Co., 234 Ala. 293, 175 So. 269; Riley v. Bradley, 252 Ala. 282, 41 So.2d 641.

It is furthermore contended that the court was in error in failing to endorse on the bill of complaint the order granting the injunction. Section 1039, Title 7, Code of 1940 provides that the register may issue an injunction upon the order of a judge and the fiat or direction of the judge that the injunction be issued, should be endorsed on the bill of complaint. The purpose of such a requirement is to show by what authority the register is authorized to issue the temporary injunction. In the case at bar the judge signed a full and complete order authorizing the issuance of the temporary injunction upon the execution of an appropriate bond.

But assuming for the sake of argument only that the order of the judge should have been endorsed on the bill of complaint, any irregularity in the mode of granting the injunction should be raised by motion to discharge the injunction. Woodward v. State, 173 Ala. 7, 55 So. 506. But irregularity in the mode of granting an injunction may be and often is waived. Henry v. Watson, 109 Ala. 335, 19 So. 413; Woodward v. State, supra; Barnett v. State ex rel. Simpson, 235 Ala. 326, 179 So. 208, 209. In the case at bar, without objection to the granting of the temporary injunction, the respondents filed an answer and cross bill and proceeded to trial on the merits. They cannot now complain as to any irregularity, if any, in granting the temporary injunction.

Complaint is also made that the court allowed a certified copy of the right of way deed to be admitted in evidence without accounting for the original. The certified copy of the deed recorded in the Probate Court of Mobile County and properly certified to by the Judge of Probate of Mobile County was admitted in evidence under § 28, Title 47, Code of 1940. There is no merit in this contention. Jefferson Lumber Co. v. Berry, 247 Ala. 164, 23 So.2d 7, 161 A.L.R. 544.

It is likewise contended that the right of way deed executed August 31, 1942, was not acknowledged by any official authorized to take acknowledgments in the State of Alabama. It is not denied that the instrument was executed by Maria and George Lukes. It is denied that the notary public had jurisdiction because, according to the contention, the deed was not acknowledged before the notary public. However, the certificate of a notary is presumptively correct. Martin v. Evans, 163 Ala. 657, 50 So. 997. The evidence to impeach an acknowledgment must be by clear and convincing proof. Woodlawn Bldg. & Loan Ass'n v. Maddox, 229 Ala. 475, 158 So. 310. In this case the notary public testified that Maria and George Lukes appeared before him when he took the acknowledgment. In Qualls v. Qualls, 196 Ala. 524, 72 So. 76, the notary testified that the person who signed the deed never did appear before him and that he acknowledged the deed although it was never executed before him. The court in the present case, as pointed out, heard the witnesses testify orally before it and made a finding which under the authorities we will not disturb where we do not think the finding is palpably wrong. On the evidence adduced the court was justified in finding that Maria and George Lukes acknowledged the deed of the right of way to the company dated August 31, 1942.

We consider that the decree of the lower court should not be disturbed and is due to be affirmed.

Affirmed.

LAWSON, SIMPSON and GOODWYN, JJ., concur.