119 So.2d 337

Nellie Johnston WILSON

v.

STATE of Alabama ex rel. MacDonald GALLION, as Attorney General.

8 Div. 7.

Supreme Court of Alabama.

March 24, 1960.

432

S. P. Keith, Jr., Birmingham, and Wallace L. Johnson, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Jos. D. Phelps, Asst. Atty. Gen., and Roscoe

Roberts, Jr., Huntsville, of counsel, for appellee.

MERRILL, Justice.

Appeal by Nellie Johnston Wilson, individually and doing business as Modern Finance Company, from an order overruling her motions to discharge and dissolve a temporary injunction.

On May 28, 1959, Judge Parsons issued a temporary injunction, ex parte, and appellant's motion to discharge it was overruled June 25, 1959. That same day, the motion to dissolve was overruled.

Appellant was enjoined "from making or entering into any contract or agreement providing for a usurious rate of interest, as defined by the laws of the State of Alabama, and from collecting or attempting to collect any usurious interest provided for in any such contract previously made by said respondents," and the statutes specifically cited are Tit. 9, §§ 60, 61 and 65, and Tit. 5, § 271(b), Code 1940.

On July 1, 1959, the court set the amount of the supersedeas bond at $3,500. Appellant made the bond and appealed.

At the hearing on June 25th, both sides presented affidavits which generally supported their respective positions. The bill charged the collection of highly usurious interest from ignorant and necessitous borrowers and harsh and intimidating methods of collection. The answer denied these allegations.

One group of assignments of error are concerned with the indefiniteness and uncertainty in the citations of the sections of the law as specified in the order of injunction. The order refers to Tit. 9, § 61, Code 1940, without showing that § 61 has been amended, and the order refers to Tit. 5, § 271(b), Code 1940, when in fact there is no such Code section. The law referred to was first enacted in 1945 and was amended in 1951, and is listed in the cumulative pocket part as Tit. 5, § 271(b), but has not been codified. As stated in Cochran v. State ex rel. Gallion, Ala., 119 So.2d 339,[1] these are technical objections which do not vitiate the order of injunction because of indefiniteness or uncertainty. Moreover, Tit. 9, § 61, as amended, is correctly set out in full in the bill, and appellant was fully apprised as to what she was enjoined from doing.

Assignment of error 20 charges that the court was in "error in failing to sustain this ground of our motion to discharge the temporary injunction in that the temporary injunction as worded is not limited to the period of time prior to the hearing of the case on its merits." There is no merit in this assignment since the second paragraph of the order reads:

"It is further ordered, adjudged and decreed by the Court that this temporary injunction and restraining order shall remain in full force and effect until such time as this cause is finally heard and determined by the Circuit Court of the 23rd Judicial Circuit of Alabama, Madison County."

Assignments of error 26, 27, 33 and 34 charge in effect that the bill is with-

out equity and that the affidavits offered by the State do not support the allegations of the bill.

The bill follows closely the bill which we upheld in Larson v. State, 266 Ala. 589, 97 So.2d 776, and except for names and places is practically identical to the bill in Cochran v. State ex rel. Gallion, Ala., 119 So.2d 339,[1] which we held did contain equity. Without detailing the contents of the twenty-one affidavits offered by the State, it suffices to say that they support the allegations of the bill sufficiently to warrant the issuance of the temporary injunction. Larson v. State, supra; Cochran v. State, supra.

■ We have held that upon the hearing of a motion to dissolve an injunction, the question of continuing the injunction, notwithstanding the denials of the respondent, is largely discretionary with the court. Cochran v. State ex rel. Gallion, post, p. 440, 119 So.2d 339; West v. State, 233 Ala. 588, 173 So. 46; Brown v. Bell, 206 Ala. 182, 89 So. 659.

The remaining argued assignments of error raise the point that the judge erred in failing to endorse and sign his fiat on the bill of complaint under Tit. 7, § 1039, Code 1940, and that the temporary injunction was, therefore, issued by the register without authority.

■ The order or fiat was not endorsed on the bill, but the judge signed a full and complete order authorizing the issuance of the temporary injunction. This, at most. was a technical irregularity which should have been raised in appellant's motion to discharge. The exact situation arose in Lukes v. Alabama Power Co., 257 Ala. 590, 60 So.2d 349, 352, where we said:

"But assuming for the sake of argument only that the order of the judge should have been endorsed on the bill of complaint, any irregularity in the mode of granting the injunction should be raised by motion to discharge the injunction. Woodward v. State, 173 Ala. 7, 55 So. 506."

The question was not raised on the motion to discharge and it cannot now be raised on appeal. Lukes v. Alabama Power Co., supra.

The decree of the lower court is affirmed.

Affirmed.

SIMPSON, STAKELY and GOODWYN, JJ., concur.