239 So.2d 298

**WILLOWBROOK COUNTRY CLUB, INC.,**
etc., et al.

v.

George A. FERRELL, Jr., et al.

8 Div. 382.

Supreme Court of Alabama.

Sept. 17, 1970.

Watson & Fay, Huntsville, for appellants.

Cloud, Berry, Ables, Blanton & Tatum, Huntsville, for appellees.

McCALL, Justice.

■ The appellees filed their bill of complaint in the Circuit Court of Madison County, Alabama, seeking a declaratory judgment in equity against the appellants and a temporary injunction in aid of their pending suit. The trial court granted the appellees a temporary injunction as prayed for without ordering that the matter be set down for a hearing as provided for in Tit. 7, § 1054, Code of Ala., 1940. There was no error in this procedure, because on presentment for fiat, the granting of a temporary injunction without a hearing ordinarily rests within the sound discretion of the judge issuing the writ, and he is not required first to have a hearing on the application. Lukes v. Alabama Power Co., 257 Ala. 590, 592, 60 So.2d 349.

The appellants filed pleas in abatement, a motion to dissolve, and a motion to discharge; and thereafter a demurrer, special pleas and an answer, all of which were incorporated in a single instrument which is sworn to.

■ The appellants' first two assignments of error contest the court's orders holding their pleas in abatement bad and ordering them overruled. In answer to this, it is enough to say that no provision is made in Tit. 7, § 757, Code of Ala., 1940, under which the appeal is taken, to question the adverse rulings on the pleas in abatement. In fact no appeal was taken from these rulings.

From the adverse ruling or interlocutory order of the court sustaining the injunction and overruling and denying the appellants' motions to dissolve and to discharge the writ, they have appealed as provided for in Tit. 7, § 757, Code of Ala., 1940.

■■ Under assignments of error three and four, we consider the appellants' motion to dissolve the temporary injunction and the issues raised thereby. The court will consider first the allegations of the bill, whether well or poorly pleaded, which are admitted for the purpose of the hearing to test its equity. All defects as to the manner or form of pleading will be treated as having been amended, but not to the extent of adding facts not set forth. Martin's Grill Meats, Inc. v. Retail, Wholesale & Dept. Store Union Local No. 506, 283 Ala. 584, 219 So.2d 634; Pennington v. Birmingham Baseball Club, Inc., 277 Ala. 336, 170 So.2d 410; Persons v. Summers, 274 Ala. 673, 151 So.2d 210. In this situation, whether or not the bill contains equity presents only a question of law. D. B. Clayton & Associates v.

McNaughton, 279 Ala. 159, 182 So.2d 890; Martin's Grill Meats, Inc. v. Retail, Wholesale & Dept. Store Union Local No. 506, supra.

■ If the averments of the bill are not sufficient to give it equity, then the injunction ought to be dissolved, because a bill without equity will not support an injunction of any character under any circumstances. Board of Water and Sewer Com'rs of City of Mobile v. Spriggs, 274 Ala. 155, 146 So.2d 872, and cases cited; Wallace v. Malone, 279 Ala. 93, 182 So.2d 360; Martin's Grill Meats, Inc. v. Retail, Wholesale & Dept. Store Union Local No. 506, supra.

■ In the stating part of the bill before us the appellees (complainants) aver in part that each of them purchased from the appellant, Willowbrook Country Club, Inc. (a respondent), for a substantial consideration a life membership in the Willowbrook Country Club which entitled the purchaser and his family to all of the benefits and privileges of membership in the club, that all life memberships were represented as being non-dues paying and non-assessable memberships, that the applications of the appellees for membership were accepted on this basis, and that the acceptances constitute contracts between each appellee and the appellant Willowbrook Country Club, Inc.

That the members of the Willowbrook Country Club have since voted to impose on the appellees and other life members monthly dues, and the appellants, Willowbrook Country Club, Inc. and Willowbrook Country Club Corp. are demanding that the appellees and other life members pay the dues voted on them by the members or else suffer suspension or expulsion from the club.

That this action by the membership was illegal and constitutes a breach of appellees' contract with the appellant, Willowbrook Country Club, Inc., the terms, provisions, agreements and conditions of which appellees are entitled to have construed, and to have declared their legal responsibility thereunder to pay dues, assessments or minimum charges as life members.

That unless the appellants are restrained and enjoined, the appellees will either have to pay the dues or suffer ouster from the Willowbrook Country Club.

We think that the bill avers a substantial property right in the appellees which, if deprived of in contravention of their alleged contract with appellants, will result in irreparable loss or damage to the appellees, including the possible forfeiture of the cash sum they paid for the life membership. In our opinion these averments give the bill equity.

In Houston v. Howze, 162 Ala. 500, 50 So. 266, the complainant's bill sought to protect her in an office of a fraternal order to which was attached financial benefits in the form of life insurance, sick benefits, and exemption from dues. The term was for one year, but two months after taking office the Grand Master issued an order deposing complainant. In this situation the court held that the bill showed a property right which a court of equity will protect.

■■ Having concluded that the averments of the bill give it equity, and that the temporary injunction was granted to maintain the status quo, we should not attempt to decide the real issue in the case between the parties. Irwin Fishing & Hunting Club v. Cobb, 235 Ala. 394, 179 So. 183. That is the province of the trial judge, but we should apply the law as laid down in Madison Limestone Company v. McDonald, 264 Ala. 295, 87 So.2d 539, where it was held that when the bill contains equity, the trial judge exercises a wide discretion in granting a temporary injunction to preserve the status quo, pending a final hearing. He takes into consideration the relative advantages and disadvantages resulting from the granting or refusing to grant the injunction. Unless that discretion is abused, it will not be disturbed on appeal. Western Grain

Co. Cases, 264 Ala. 145, 85 So.2d 395; Madison Limestone Company v. McDonald, 264 Ala. 295, 87 So.2d 539; Southern Rock Products Co. v. Self, 279 Ala. 488, 187 So. 2d 244; Thagard v. Brock, 282 Ala. 262, 210 So.2d 821. We have carefully examined and studied the record made on the hearing of the motion to dissolve, and conclude that the temporary injunction, as hereinafter ordered modified, should remain in effect until the case is decided on its merits.

■ While, pending this suit, a temporary injunction is appropriate to maintain the status quo until a final adjudication of the rights of the parties can be made, East Gadsden Bank v. Bagwell, 273 Ala. 441, 143 So.2d 438; Hamilton v. City of Anniston, 248 Ala. 396, 27 So.2d 857; Glass v. Prudential Ins. Co. of America, 246 Ala. 579, 22 So.2d 13; Irwin Fishing & Hunting Club v. Cobb, 235 Ala. 394, 179 So. 183; Coxe v. Huntsville Gas Light Co., 129 Ala. 496, 29 So. 867, we think the temporary injunction, granting auxiliary relief here, is too encompassing. It enjoins the collection of dues, assessments, or minimum charges, not only from the appellees, but also from all other life members, regardless of any willingness on their part, now or later, to pay these charges. Such voluntary payments and the collection thereof should not be enjoined.

No irreparable injury can come to the appellees, if other life members pay the controversial charges. Therefore, we are of the opinion that the temporary injunction should be modified so as to temporarily enjoin only the collection of dues, assessments or minimum charges from life members who express objection and are unwilling to pay such charges, and from imposing on them penalties, because of their failure or refusal to pay such charges, and from interfering with their reasonable use of the club facilities because of such failure.

■ It is our further opinion that the suit was properly brought as a class action under the provisions of Equity Rule 31, Tit. 7, Appendix, Code of Ala., 1940; Nesbitt v. Hagan, 265 Ala. 213, 217, 90 So.2d 217.

■ If there are among the life members some whom the appellees claim to represent as members of that class, but whose consent cannot be obtained, such persons may be made parties respondent under Tit. 7, § 128, Code of Ala., 1940. Or, they may intervene in the suit as parties respondents under Equity Rule 37.

■ The appellants' motion to discharge the injunction, the overruling of which is the basis for their assignments of error five and six, is grounded first on a defective verification of the bill. They point out that the verification is predicated only on knowledge, information and belief. Such a verification is insufficient, Board of Water and Sewer Com'rs of City of Mobile v. Spriggs, 274 Ala. 155, 146 So.2d 872; Brooks v. Everett, 271 Ala. 380, 124 So.2d 100, and the deficiency is ground for a motion to discharge or vacate the injunction. Woodward v. State, 173 Ala. 7, 55 So. 506. However the defective verification of the bill is a mere irregularity and the court will not discharge the injunction until the movant has first had an opportunity to supply a sufficient affidavit. Jacoby v. Goetter, 74 Ala. 427; Forney v. Calhoun County, 84 Ala. 215, 4 So. 153; Woodward v. State, supra. The court erred though in not holding the affidavit insufficient with a conditional decree that the writ of injunction should be discharged upon failure of the complainant to perfect the affidavit within a fixed time. Lauderdale v. McAllister, 193 Ala. 175, 68 So. 984; Cochran v. State, 270 Ala. 440, 119 So.2d 339; Greenwood v. State, 230 Ala. 405, 161 So. 498.

■ The only other grounds of the motion to discharge, which we have not already considered, relate to the alleged insufficiency of the injunction bond required by Tit. 7, § 1043, Code of Ala., 1940. Under this statute, the judge granting the

temporary injunction is required to fix the amount of the bond, which he did in this case at $500. We do not find a clear showing of an abuse of discretion in fixing the amount of this bond, consequently we will not substitute our judgment for that of the trial judge. Raphael Per L'Arte, Inc. v. Lee, 275 Ala. 307, 154 So. 2d 663. Further such a motion is not well taken, without first affording a reasonable time for filing a new bond, if the original bond is found to be insufficient in amount. High on Injunctions, 4th Ed., Vol. II, § 1622, p. 1577.

The decree of the trial court overruling the appellants' motion to dissolve the writ of temporary injunction is affirmed in part with direction to enter an amended order modifying the writ of temporary injunction heretofore issued so as to conform to the judgment of this court; and, said decree is reversed in part with direction to enter a conditional order discharging the writ of temporary injunction, if the appellees shall fail to perfect the verification to the original bill of complaint within a reasonable time to be fixed by the trial court.

Affirmed in part, modified, and reversed in part, with directions.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and BLOODWORTH, JJ., concur.