HOUSTON, Justice.
William G. Allen, Jr., individually, and on behalf of Plantation Manor, Inc., appeals from the trial court’s order dissolving a temporary restraining order and denying his motion for a preliminary injunction against Carmelita R. Lee. We affirm.
Plantation Manor is an Alabama corporation engaged in the business of operating a nursing home, an assisted living facility, and retirement apartments for the elderly. Lee owns 63% of the stock in Plantation Manor and is on the corporation’s board of directors. Allen, Lee’s step-grandson, owns 16% of the corporation’s stock, as well as an option to purchase its remaining shares. Allen is also a personal guarantor of various debts owed by the corporation. Lee’s adopted son, Robert Neal Lee, owns 21% of the corporation’s stock. Until the board of directors terminated his employment, Allen also served as the corporation’s administrator of daily operations, pursuant to a written employment contract.
This case basically involves a dispute between the owner of 63% of the stock of a financially sound, closely held family corporation and the owner of 16% of the stock as to exactly how the corporation should be managed. Allen filed an action for a declaratory judgment, seeking temporary and permanent injunctive relief on behalf of himself and the corporation when he came to suspect (correctly, as it turned out) that Lee intended to take steps to restructure the board of directors so as to terminate his employment as administrator. Allen alleged that he had had an agreement with Lee that only the two of them would serve on the corporation’s board of directors and that Lee was attempting to “stack” the board with directors who would vote to remove him from his position as administrator. The trial court initially granted an ex parte temporary restraining order affording Allen the relief he had requested. In response, Lee immediately filed an “Emergency Motion to Reconsider and Rescind Temporary Restraining Order.” In her motion, Lee denied the allegations of Allen’s complaint, stating, in effect, that she had done nothing to warrant the trial court’s interference with the corporation’s affairs and stating that continued judicial interference would be detrimental to the corporation. Lee also filed an affidavit in which she specifically denied that she had agreed that only she and Allen would serve on the corporation’s board of directors. Lee also filed an affidavit of Robert Neal Lee; in it he stated unequivocally that he had no faith in Allen, that he supported his mother in this action, and that, in his opinion, Lee represented the best interests of the corporation. Lee’s motion to dissolve the temporary restraining order was submitted to the trial court on the pleadings, the affidavits of Lee and Robert *730 Neal Lee, and documentary evidence consisting of, among other things, the corporation’s by-laws, Allen’s employment contract, and various items of correspondence between Lee and Allen and their respective attorneys. After a hearing, the trial court entered the following order:
“The temporary restraining order [previously issued] is hereby set aside as having been improvidently issued. The court finds that the complainant, William G. Allen, Jr., has other adequate remedies at law.”
Allen immediately filed a motion to stay the order dissolving the temporary restraining order, pending a hearing on his motion for a preliminary injunction, which was scheduled to be held five days later. The day after the trial court entered its order dissolving the temporary restraining order, it entered the following amended order:
“The [previous order of this court] is amended ... to include a finding that the plaintiff, both in his individual capacity and as a stockholder in the derivative action, is not entitled to [injunctive] relief. Therefore, the temporary restraining order is set aside and the request for [a] preliminary injunction is denied. The plaintiffs request for a stay of the setting aside of the temporary restraining order is also denied.”
Allen contends that the trial court erred as a matter of law in concluding that he has an adequate remedy at law for the termination of his employment contract. Citing his employment contract, his stock option, and his personal obligation to answer for the corporation’s indebtedness, Allen argues that the trial court’s finding that he has an adequate remedy at law was both erroneous and the sole basis for its ruling on his motion for injunctive relief; therefore, he argues, the issue of whether the trial court had the discretion to rule as it did need not be addressed. Lee contends that the proper standard for reviewing the trial court’s ruling is whether the trial court abused its discretion under the circumstances. Lee argues that the trial court acted within its discretion in dissolving the temporary restraining order and in denying Allen’s motion for a preliminary injunction.
In Martin v. First Federal Savings & Loan Association of Andalusia, 559 So.2d 1075, 1079 (Ala.1990), this Court stated:
“In Howell Pipeline Co. v. Terra Resources, Inc., 454 So.2d 1353, 1356 (Ala. 1984), we noted the development of a three-pronged test by which the trial court can review a motion for a preliminary injunction:
“ ‘(1) “ ■ ■ • if [the trial judge] finds that the party has presented a fair question as to the existence of the right to be protected, and further finds that temporary interference to preserve the status quo is convenient and expedient, then he may exercise his discretion and grant the injunction.”
“ ‘(2) “... An injunction should not be granted unless it is necessary to prevent irreparable injury.”
“ ‘(3) “Injunctions ... will not be granted merely to allay apprehension of injury; the injury must be both imminent and irreparable in a court of law.” ’
“Quoting from Double C. Productions, Inc. v. Exposition Enterprises, 404 So.2d 52, 54 (Ala.1981). See, also, Adams v. Farlow, [516 So.2d 528, 536-37 (Ala.1987)]. In applying these standards, the trial court, in its discretion and given the facts and circumstances of each case, may consider and weigh the relative hardships that each party may suffer against the benefits that may flow from the grant of the preliminary injunction. See Adams v. Farlow, supra; John Lloyd & Co. v. Stringer, 456 So.2d 1076 (Ala.1984); Howell Pipeline, supra.”
As Allen correctly points out, when a trial court has denied a temporary injunction in a case in which it had the discretion to do so, but its denial was based solely on the erroneous conclusion that the plaintiff had failed to state a claim for equitable relief, this Court will reverse, leaving open the question whether the trial court should have issued the injunction as a matter of discretion. See 42 Am.Jur.2d Injunction § 353 (1969). Also, when a motion to dissolve a temporary injunction is submitted solely on the motion, *731 with no answer and supporting affidavits, the allegations of the complaint are presumed to be true and the only issue presented is whether the complaint states a claim for equitable relief. In D.B. Clayton & Associates v. McNaughton, 279 Ala. 159, 164, 182 So.2d 890, 895 (1966), this Court noted:
“This posture of the pleading [a motion to dissolve a temporary injunction submitted solely on the motion] raises only the equity of the complaint, and no presumption in favor of the lower court’s decree should be indulged, the question being one solely of law.”
See, also, Willowbrook Country Club, Inc. v. Ferrell, 286 Ala. 281, 239 So.2d 298 (1970). However, in Lindsey v. Viking Refrigerators, Inc., 241 Ala. 425, 427, 3 So.2d 65, 66 (1941), this Court explained:
“It is well settled that, in considering the question of dissolution [of a temporary injunction] on the denials of the answer and supporting affidavits, the court is vested with a wide discretion and will weigh the relative degrees of injury or benefit to the respective parties which may ensue from the maintenance of the injunction on the one hand or its dissolution on the other.”
See, also, Davis v. Ross, 255 Ala. 668, 53 So.2d 544 (1951).
As previously noted, the trial court’s dissolution of the temporary restraining order and its denial of Allen’s request for preliminary injunctive relief were not based solely on the allegations of his complaint; the trial court also had before it, and apparently relied on, Lee’s answer, documentary evidence, and the affidavits of Lee and Robert Neal Lee. As our caselaw indicates, when preliminary injunctive relief has been denied after a hearing and on the basis of the evidence presented, this Court will not reverse the trial court’s ruling, except for an abuse of discretion. The record and the briefs in this case are filled with cross accusations of mismanagement. It is quite clear that Lee and Allen do not see eye-to-eye with respect to the manner in which Plantation Manor should be run.' Given his stock option and his personal guarantees of the corporation’s indebtedness, Allen is justifiably interested in seeing the financial integrity of Plantation Manor maintained. On the other hand, the owners of 84% of the corporation’s stock oppose Allen’s involvement in the day-to-day affairs of the corporation. Lee has denied under oath any wrongdoing in her handling of the corporation’s business, and the record indicates that Allen did not strongly contest Lee’s assertions that she is experienced in the nursing home business and that it is in her best interests to maintain the financial integrity of the corporation. Furthermore, the evidence suggests that the corporation is financially sound, although the parties disagree over exactly who is responsible for this good fortune. With the case in this posture, the trial court apparently concluded that Allen had not sufficiently shown that it would be in the best interests of the corporation for the court to interfere at this time in this intra-family dispute. We cannot, based on the record before us, and in keeping with our standard of review, hold that the trial court abused its discretion in denying a preliminary injunction with respect to Allen’s derivative claim.
Furthermore, the trial court apparently concluded that Allen had no inherent equitable right under his employment contract to remain as the administrator of Plantation Manor during the pendency of his stock option or his personal obligations with respect to the corporation’s indebtedness. Allen’s employment contract expressly provided for his termination under certain circumstances; the real question is whether those circumstances existed in this case. With the record suggesting that the corporation is financially sound, and there being no conclusive evidence that the corporation will suffer under Lee’s management pending a final resolution of the ease, we cannot hold that the trial court erred in concluding that Allen can get adequate redress in a breach of contract action for any wrong in his termination as the corporation’s administrator. In this respect, we do not find Buck Creek Cotton Mills v. Stokely, 236 Ala. 146, 181 So. 100 (1938), on which Allen heavily relies, to be controlling here. In Buck Creek this Court, holding that the trial court had not erred in denying the defendant’s motion to dismiss the complaint for failure to state a claim for *732 equitable relief, stated that “[t]he breach of [an irrevocable] contract of agency (one coupled with an interest) may be enjoined, if under the facts that remedy is warranted, whether such a contract can or cannot be enforced.” 236 Ala. at 154, 181 So. at 107. (Emphasis added.) Unlike the trial court’s ruling in Buck Creek, the trial court’s decision in the present case was based on more than the allegations of the complaint. The circumstances shown by the record in this case are sufficient to support the trial court’s ruling.
We do note, however, that should the trial court reach a different conclusion upon a final hearing on the merits as to the need for permanent injunctive relief to protect the financial integrity of the corporation, then the trial court can at that time reevaluate its conclusion that Allen has an adequate remedy at law (i.e., it could reconsider whether a breach of contract action is adequate under the circumstances or whether injunctive relief would be necessary to protect Allen’s financial interests in the corporation).
For the foregoing reasons, the trial court’s order dissolving the temporary restraining order and denying a preliminary injunction is affirmed.
AFFIRMED.
MADDOX, SHORES, STEAGALL, KENNEDY and INGRAM, JJ., concur.